BARKER v. SMITH. See Cases Nos. 986 and 987.

BARKER, (SMITH v.) See Cases Nos. 13,012 and 13,013.

---

# Case No. 994.

## BARKER v. STOWE.

## SAME v. NEWHALL.

[15 Blatchf. 49:[1] 3 Ban. & A. 337; 14 O. G. 559; Merw. Pat. Inv. 169.]

Circuit Court, N. D. New York. July 11, 1878.

PATENTS FOR INVENTIONS — BUCKETS FOR CHAIN PUMPS—EVIDENCE—WAIVER OF OBJECTION.

1. The claims of the re-issued letters patent granted to William C. Barker, July 6th, 1875,

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 337; and here republished by permission. Merw. Pat. Inv. 169, contains partial report only.]

for an "improvement in buckets for chain-pumps," (the original letters patent having been issued to said Barker June 20th, 1871, and re-issued to him May 19th, 1874,) namely, "(1.) An elastic bucket for chain-pumps, adapted to fit and work in the bore of a pump-tube, to raise the water by suction, provided with a suitable orifice or outlet through which the water remaining in the pump-tube above the bucket is allowed to escape down to the source of supply, substantially as and for the purpose set forth; (2.) A solid elastic bucket, having an elastic bearing edge, and its upper portion convex or contracted from said edge, whereby the bucket will readily yield to any irregularities in the pump-tube, and admit of its being easily drawn up, while at the same time it will resist moving downward, substantially as and for the purpose specified," are infringed by the buckets for chain-pumps described in the letters patent granted to Deloraine F. Stowe, February 23d, 1875, for an "improvement in buckets for chain-pumps."

2. Mere applications for patents cannot be considered on the question of novelty, as a defence in a suit on a patent. To make the things described and shown in them available, there must be evidence that such things were actually constructed in working form.

3. The two claims of said re-issued letters patent are void for want of novelty.

4. In the proofs, W. gave evidence as to prior knowledge and use by him of the thing patented. His name and such fact were not set up in the answer. On the taking of the proofs the plaintiff objected to such evidence of W. "as incompetent under the rules of the court" and as "incompetent under the laws and rules governing practice in the circuit courts of the United States." At the hearing the plaintiff sought to exclude the evidence of W. because his name and the facts of his prior knowledge and use were not set up in the answer: *Held*, that the objection was waived because it was not distinctly made when the evidence was taken.

[Cited in Woodbury Patent Planing Mach. Co. v. Keith, Case No. 17,970.]

[See note at end of case.]

[In equity. Suit by William C. Barker against Deloraine F. Stowe, and by the same against Abner C. Newhall, for infringement of reissued letters patent No. 6,531. Bills dismissed. Motions to vacate decrees and re-open causes denied in Same v. Same, Case No. 995.]

George E. Buckley, for plaintiff.
Walter L. Dailey, for defendant.

BLATCHFORD, Circuit Judge. This suit is brought on re-issued letters patent granted to the plaintiff July 6th, 1875, for an "improvement in buckets for chain-pumps," the original letters patent having been issued to the plaintiff June 20th, 1871, and having been re-issued to him May 19th, 1874. The specification says: "Prior to my invention there was not, so far as I am aware, in use an elastic bucket provided with a means whereby the water remaining above the bucket could escape back into the well when the pump was not in use. The great difficulty heretofore experienced in that class of pumps where the water is drawn up by an elastic bucket tightly fitting the bore of the tube, has been the continued freezing in cold weather of the

water remaining in the pump-tube when the pump was not in operation, which, in many cases, would split or otherwise injure the wooden tube and the working parts of the pump, to an extent that would render the same wholly worthless. To remedy this evil is the principal object of my invention; and it, therefore, consists in providing the bucket with a suitable outlet or opening, through which the water is allowed to escape from the pump-tube down to the source of supply, when the pump is not in use. My invention also consists of a solid bucket of India rubber or other similarly elastic material, convex or contracted upward from that part of its outer periphery which comes in contact with the interior of the pump-tube, by which I am enabled to present an elastic edge or bearing that will readily yield to any irregularities or slight differences in the interior diameter of the pump-tube, and admit of its being easily drawn up, while, at the same time, it will resist moving downward." The specification states, that the largest circumference of the bucket is somewhat greater than the bore of the pump-tube; that the bucket is convex or contracted upward from that part of its outer periphery which comes in contact with the interior of the pump-tube, thereby forming an elastic edge or bearing surface, that will yield sufficiently to be easily drawn through the tube, while, at the same time, if by any accident the operator releases his hold of the crank over which the chain runs, the bucket will not drop in the tube, but will remain where the accident left it, or, in other words, the shape or form described, together with the fact that its largest circumference is at that point where it comes in contact with the interior of the pump-tube, will readily allow it to be drawn upward, and prevent its being drawn downward, or forced in the latter direction, by the weight of water above it; and that it provides the bucket with an aperture or suitable outlet, so that, when the bucket is stationary, the water remaining above it is allowed to escape back into the well or source of supply, thereby preventing the possibility of the water freezing in the tube and splitting or otherwise injuring the same. The specification then sets forth the arrangement of a button or washer and loop link, to which the bucket is attached, to make it operative with the chain. It then adds: "I am aware that elastic buckets composed of a hollow sphere are not new, and I am also aware that it is not new to provide metal pail buckets with an opening, so that, when standing, any water remaining in them will be allowed to escape, for the purpose of insuring a fresh supply of water from the well when the buckets are raised. I do not, therefore, claim such construction of buckets." The first two claims of the patent are as follows: "1. An elastic bucket for chain-pumps, adapted to fit and work in the bore of a pump-tube, to raise the water by suc-

tion, provided with a suitable orifice or outlet through which the water remaining in the pump-tube above the bucket is allowed to escape down to the source of supply, substantially as and for the purpose set forth. 2. A solid elastic bucket, having an elastic bearing edge, and its upper portion convex or contracted from said edge, whereby the bucket will readily yield to any irregularities in the pump-tube, and admit of its being easily drawn up, while, at the same time, it will resist moving downward, substantially as and for the purpose specified." There are four figures of drawings accompanying, and referred to in, the specification. Figure 1 is a perspective view of the improved bucket, with its loop and button. Figure 2 is a plan view of the button. Figure 3 is a plan of the loop before insertion through the bucket and button. Figure 4 is a vertical section of the bucket, in position for use. The aperture or outlet for the water above the bucket is shown in the drawings as a perpendicular cylindrical passage through the body of the bucket, commencing in the outer curved surface of the bucket, which is shown as a hemisphere, at a point about one-third of the way from the highest point of the curve to its lowest point, the passage being parallel to the upright parts of the link which passes through the bucket. The passage is continued through the button or washer, which is held up against the horizontal face of the bucket by the turned-up lower ends of the loop link.

The defendant has made and sold buckets for chain-pumps described in letters patent granted to him February 23d, 1875, for an "improvement in buckets for chain-pumps." He has an india rubber shell, of a cylindro-conical form, that is, a small portion of the shell extending upwards from the outer lower circular edge is cylindrical, and fits the bore of the pump-tube, and the portion above the cylindrical portion is conical in form, receding upwards from the bore of the pump-tube, and has a hole through its apex. The bottom side of the shell is bevelled inwardly from a circle concentric with the circle forming the outer lower edge, and a short distance inward from it, the bevel extending to the inner surface of the shell. Thus provision is made for inserting in the shell a solid conical metal core, which is closely embraced by the inner surface of the shell, above the inner termination of the bevel, while the free part of the shell below the inner termination of the bevel forms a highly elastic skirting, which accommodates itself closely to the bore of the pump-tube. The skirting is formed substantially of the cylindrical part of the shell. The metal cone has an eye on each end, to attach the bucket to the chain links, and a small up and down passage is made through the skirting, to allow the water in the pump-barrel to pass down when the pump is not in operation. The patent claims the chain-pump bucket described, having the cylindro-conical elastic shell fitted to the solid cone, substantially as and for the purpose set forth.

It is contended by the defendant, that matter is found in the re-issue which is not in the original patent of 1871. The drawings are identical, and there is nothing either in the specification or the claims of the re-issue which is not justified by what is found in the description or drawings of the original patent.

The defendant's bucket infringes claims one and two of the plaintiff's patent. It is an elastic bucket for a chain-pump. It is adapted to fit and work in the bore of a pump-tube, to raise water by suction. It is provided with a suitable orifice or outlet, through which the water remaining in the pump-tube above the bucket is allowed to escape down to the source of supply. The fact that, in the defendant's bucket, the passage for the drip of the water is through the skirting outside of the metal core, or is a notch in the outer edge of the skirting, and thus will drain off more of the water than will be drained in the construction shown in the plaintiff's drawings, does not relieve the defendant's bucket from being an infringement of the first claim of the plaintiff's patent. Nor does the fact that a narrow ring of water below the upper end of the passage way in the plaintiff's bucket may remain between the outer surface of the bucket and the inner surface of the pump-tube, affect the validity of the plaintiff's patent. His object was to get rid of the column of water above the tightly fitting bucket, and he accomplishes that result substantially. It is not shown that, in fact, actual difficulty has resulted from the freezing of the narrow ring of water left in the plaintiff's construction, and, if that had been shown, the cutting of the passage way nearer to the inner surface of the pump-tube is an obvious suggestion, not involving invention, and within the scope of the plaintiff's construction, and to which he is entitled as the result of the practical working of his apparatus. The defendant's bucket is a solid elastic bucket, having an elastic bearing edge, in all the practical respects in which the plaintiff's bucket is a solid elastic bucket having an elastic bearing edge. The defendant's bucket has an elastic bearing edge in the cylindrical part of the india rubber shell, and the conical upper part of the shell is contracted from said edge, so that the bucket readily yields to any irregularities in the pump-tube, and can be easily drawn up, while it resists downward movement. It does not affect the validity of the plaintiff's patent or the question of infringement, that, in practice, the plaintiff's bucket may be used with a ratchet to counteract the downward movement of the bucket induced by the weight of the column of water in the pump-tube, or that, in practice, the defendant's bucket may be used with such ratchet. In each, the tendency and operation of the

bearing edge, when the bucket is left free to descend with the pressure on it of a column of water above it, are, to resist and retard the downward movement.

The plaintiff's patent is attacked for want of novelty. The defendant offered in evidence, under objection from the plaintiff that they were incompetent, five several applications for patents, filed in the patent office—Edwin Gilbert, filed February 10th, 1849, rejected May 21st, 1849; A. G. Babcock, filed September 20th, 1851; J. Powers, filed January 26th, 1852; C. F. Baragar, filed June 30th, 1859; and Orin O. Witherell, filed November 10th, 1866. The defendant also put in evidence letters patent granted to Clark Polley, December 14th, 1852; to Edmund Morris, January 23d, 1855; to Arcalous Wyckoff, April 3d, 1855; to Birdsill Holly, July 14th, 1857; to John D. Clark, December 23d, 1862; and to Emmet R. Austin, October 2d, 1866.

Mere applications for patents cannot be considered on the question of novelty. To make the things described and shown in them available, there must be evidence that such things were actually constructed in working form.

The patent to Polley shows a ball bucket, with no bearing edge and no provision for drip. The patent to Morris shows a ring with no bearing edge and no drip hole. Wyckoff's patent shows no bearing edge and no drip hole. While Holly's pump has an escape for the surplus water, his arrangement is different from that of the plaintiff, and he has not an elastic bucket with a bearing edge, nor has he a water escape through an elastic bucket. Clark's patent shows no bearing edge and no water escape. Austin's patent shows no suction pump and no pump-tube.

I find among the papers a patent granted to Orin O. Witherell, October 13th, 1868. It is not mentioned in the answer, nor can I find that it was introduced in evidence. If it is to be considered, it has no bearing edge and no water escape.

Orin O. Witherell, the same person mentioned above, has given evidence as to pump buckets constructed by him prior to the plaintiff's invention. He introduces an exhibit, A, as representing a form of bucket which he made and sold for five months, in the year 1866. It has a thin india rubber disc placed loosely above a metal disc, and the edge of the rubber disc forms a flange, which extends downward and embraces part of the depth of the metal disc. The rubber disc has a hole in the centre, through which a metal eye, fastened to the upper part of the metal disc, passes. He testifies, that the settling down of the chain, when the pumping was stopped, allowed the water above to escape through the hole in the centre of the rubber disc. His application of November 10th, 1866, and his patent of October 13th, 1868, showed no device such as is shown in Exhibit A. They showed only a rubber or elastic plate, clamped tightly between two metal plates, and thus expanded to fit the pump-tube. Witherell testifies, that he put the buckets like Exhibit A particularly into worn pump-tubes, which had had only the metal-plate buckets; that, between April and August, 1866, he put buckets like Exhibit A into between 50 and 100 wells, mostly in the southeastern part of New Hampshire; that he saw one of such pumps in successful operation with them, as late as 1869; that he never used less than three of such buckets for a well, and seldom more of them; that he never knew any of them to freeze; that the back motion of the chain, after pumping was stopped, was sufficient, even when a ratchet was used, to open a central space between the rubber and the metal plate, the rubber adhering to the sides of the pump-tube, and allowing the water to escape down through the centre; that he used the buckets like Exhibit A for the purpose of fitting closely in the tube, so as to cause suction; and that he generally succeeded in establishing a suction, unless the tube was too much worn or defective. There is no testimony in contradiction of this, or throwing doubt upon the truth of the facts testified to by Witherell, or showing that buckets like Exhibit A would not operate as he testifies. Exhibit A shows an elastic bucket for a chain pump, adapted to fit and work in the bore of a pump-tube, to raise water by suction, and provided with a suitable orifice or outlet through which the water remaining in the pump-tube, above the bucket, can escape down to the source of supply. The fact that Witherell made no mention of a structure like Exhibit A in his subsequent application or patent, cannot have the effect, in the present case, to destroy the force of his affirmative direct testimony. Nor can what he did in respect to buckets like Exhibit A be regarded as an abandoned experiment. It appears to have been a successful, practical, working apparatus. If it was an elastic suction bucket, with a drip, it is of no consequence whether Witherell devised it primarily with a view to the drip, or not. Nor is it of any consequence that the hole for the link served also as a drip hole. If it allowed the water to escape, it would do so as effectually as the extra passage in the plaintiff's bucket. It may be, perhaps, that the plaintiff is entitled to some claim in respect to a drip orifice in an elastic suction bucket, but, in view of the Witherell Exhibit A, the first claim of the plaintiff's patent is too broad, and is invalid.

The record states that the plaintiff objected to the testimony of Witherell, so far as it endeavors to set up prior knowledge, manufacture or use of the devices claimed by the plaintiff as his invention, "as incompetent under the rules of the court." Again, the record states that the plaintiff objected to the reception of the testimony of Witherell, on the

ground that the witness is "incompetent un-
der the laws and rules governing practice in
the circuit courts of the United States." At
the hearing, the plaintiff took the objection
that the evidence of Witherell, as to prior
knowledge and use, could not be admitted,
because the name of Witherell, and the fact
of prior knowledge and use by him, were
not set up in the answer. The only objec-
tion taken on the face of the record is found
in what is above referred to. I do not think
that is sufficient to direct the attention of the
defendant to the point that the objection was
based on the omission of the name of Wither-
ell from the answer. An objection of that
kind may be waived, and it is waived unless
it is distinctly made. The time to make it
is when the evidence is taken, and not first
at the hearing. Otherwise, the defendant is
taken by surprise. The fact that the defend-
ant took the evidence shows that he intended
to rely on it, and if he had been distinctly
notified on the record that the plaintiff in-
tended to rely on an objection that Witherell
was not named in the answer as having prior
knowledge, it is to be presumed he would
have taken steps to apply for leave to amend
his answer.

Witherell also introduced, in his evidence,
another form of bucket made by him, Ex-
hibit B. He testifies that he made and sold
buckets like Exhibit B, after he made them
like Exhibit A, and from the fall of 1866 un-
til the fall of 1873. Exhibit B has a rubber
disc compressed between two metal plates by
a screw and a nut. By lubricating with oil
the iron washer on the lower face of the
disc, the lower part of the disc was caused
to expand more than the upper part, so as to
give to the lower part a bearing edge, with
the part above it receding from it inwards.
Exhibit B shows such construction. He says
that he never used less than three of Exhibit
B for a set, and seldom more; that his
practice was to have the bucket fit as closely
as possible, and not have the pump work
too hard; that the object of the bevelled edge
was to have the rubber slide easily over any
roughness in the tube; that the bucket op-
erated both by lifting and suction; that,
when the bucket fitted closely, it resisted the
downward run of the chain; that he set
them close enough, by expansion, to draw
the water up readily, and yet leave room for
the water to pass back on the inside of the
tube; that the water in the tube, with Ex-
hibit B, never froze, when the bucket was
properly adjusted; that he made a consider-
able number with the bearing edge like Ex-
hibit B; and that he used that form in tubes
that were too large to be filled by expand-
ing the disc equally from both of its faces.
This Exhibit B is a solid, elastic bucket, hav-
ing an elastic bearing edge, and its upper
portion convex from said edge, whereby the
bucket will readily yield to any irregularities
in the pump-tube, and admit of its being
easily drawn up, while, at the same time, it

will resist moving downward. It answers,
exactly the second claim of the plaintiff's
patent. A provision for the escape of the
water is no part of the second claim, and
the elastic bearing edge is no part of the first
claim. Although Exhibit A has no elastic
bearing edge, it anticipates the first claim;
and although Exhibit B has no water escape,
it anticipates the second claim.

The bill must be dismissed, with costs, and
a like decree must be entered in the suit
against Newhall.

[NOTE. Patent No. 116.138 was granted to
W. C. Barker June 20. 1871; reissued June 6,
1875, (No. 6,531.) For other cases involving
this patent, see Barker v. Stowe, Case No.
995; Barker v. Shoots. 18 Fed. 647; Barker v.
Todd, 15 Fed. 265, 13 Fed. 473; Barker v.
Stowe, 11 Fed. 303.
[In the last-mentioned case, the disposition of
the principal case was held to bar a subsequent
suit between the same parties for another in-
fringement of the same patent.]