### SMITH *v.* TOWN OF ONTARIO.

*(Circuit Court, N. D. New York.* November 9, 1880.)

1. FORMER ADJUDICATION—ESTOPPEL.—A former adjudication is an estoppel only as to the matters in issue or points in controversy, upon the determination of which the finding or verdict was rendered.
   *Cromwell* v. *County of Sac*, 94 U. S. 351.

2. SAME—"MATTER IN ISSUE"—DEFINITION.—The matter in issue or point in controversy is that ultimate fact or state of facts in dispute upon which the verdict or finding is predicated.

3. SAME—MATTER OF EVIDENCE.—Whatever is merely matter of evidence becomes of no importance after the determination of the matter in issue.

4. SAME—AGENCY.—Therefore, an adjudication that certain bonds were originally issued by the agents of the defendant without authority, will preclude the plaintiff from showing in another action a ratification by the defendant of the acts of his agents.

Motion for a New Trial.

*C. T. Richardson* and *Albertus Perry,* for complainant.

*W. F. Coggswell,* for defendant.

WALLACE, D. J. This motion for a new trial involves the single question whether or not the judgment in the former action between the parties concludes the plaintiff upon the issues in the present suit.

The former action was brought to recover instalments of interest on certain bonds of the defendant falling due April 1, 1875. The present action is to recover instalments of interest on the same bonds falling due April 1, 1876. In the first action a verdict for the defendant was directed by the court and judgment was entered accordingly. The defendant now insists upon that judgment as conclusively establishing the defence that the bonds are invalid.

The complaint in the first action alleged, in substance, that the bonds were executed and issued by agents of the defendant, in compliance with authority conferred upon the agents by statute. The answer controverts these allegations. Upon the trial the defendant moved the court to direct a verdict for the defendant, upon the ground that the agents had issued the bonds without compliance with the statute in several specified particulars. The court ruled with the defendant, and ordered a verdict accordingly. In the present action the same issue is presented by the pleadings, but upon the trial the plaintiff proved that, after the bonds had been issued, the defendant ratified the acts of the agents in executing and issuing the bonds. In the former action some evidence was given which tended to prove a ratification, but the point whether there had been such ratification or not was not decided or considered. The precise question now is whether the plaintiff is precluded, by the former adjudication, from showing that, although the bonds were originally issued

by the agents of the defendant without authority, their acts were afterwards ratified by their principal.

In a recent case, of controlling authority, (*Cromwell* v. *County of Sac*, 94 U. S. 351,) the rules which furnish the test whether or not a former adjudication is an estoppel, have been defined so explicitly as to remove the uncertainty which has existed in a class of cases as to which there have been many conflicting expressions. The general rule, that the judgment of a court of concurrent jurisdiction is as a plea, a bar, or as evidence conclusive between the same parties upon the same matter, directly in question in another court, has been repeated in all the adjudications since it was enunciated by Lord Chief Justice De Grey in the *Duchess of Kingston's Case;* but many authorities are found which declare that the estoppel applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but also to every point which belonged to the subject of the issue, and which the parties might have brought forward at the time. Perhaps no more striking illustration of the extent to which this doctrine has been carried can be found, than in the decisions of the court of appeals of this state, where it is held that a recovery by a surgeon for professional services is conclusive in his favor when subsequently sued for malpractice in performing such services, although the point whether the services were properly performed was not presented or contested in the former suit. *Gates* v. *Preston*, 41 N. Y. 113; *Blair* v. *Bartlett*, 75 N. Y. 150. It is unnecessary to refer to cases like *Davis* v. *Hedges*, Law Rep. 6 Q. B. 687, and *Mondel* v. *Steele*, 8 Mees & W. 858, which are directly to the contrary effect; but there are expressions of opinion in cases in the supreme court prior to *Cromwell* v. *County of Sac*, which indicate that the estoppel extends not only to the matters of fact and law which were decided in the former action, but also to the grounds of recovery or defence which might have been but were not presented. *Beloit* v. *Morgan*, 7 Wall. 619; *Aurora* v. *West*, 7 Wall. 106.

In *Cromwell* v. *County of Sac*, however, the conclusiveness

of the estoppel as to all matters which might have been litigated, but were not in fact, is confined to cases where the second action is brought upon the same claim or cause of action as that on which the first was brought; and it is held that, when the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted in the former action, upon the determination of which the finding or verdict was rendered. Accordingly, it was decided that where the plaintiff had been defeated in an action upon coupons of county bonds, upon the ground that the bonds were void against the county because they had been fraudulently issued by the county judge, that judgment did not conclude the plaintiff in a subsequent action against the county, brought upon subsequently maturing coupons of the same bonds, in which it was made to appear that the plaintiff was an innocent purchaser of the coupons for value and before maturity. The decision proceeds upon the ground that the question whether the bonds were void as against an innocent holder, for value and before maturity, was not litigated or determined in the former suit, and was therefore open to be litigated in the second action.

Accepting *Cromwell* v. *County of Sac* as decisive of the doctrine that the former adjudication is an estoppel only as to the matters in issue or points in controversy, upon the determination of which the finding or verdict was rendered, it remains to apply that doctrine to the present case. Concededly, it was not decided that the acts of the agents in issuing the bonds did not bind the defendant, notwithstanding the defendant ratified the transaction, because the effect of the ratification was not considered. But it was decided, upon all the evidence in the case, that the acts of the agents were not binding upon the defendant. Now, what was the matter in issue or point in controversy in that action, within the meaning of the rules of estoppel? *Cromwell* v. *County of Sac* is an authority that in an action where there was no issue as to the right of a *bona fide* purchaser to recover upon bonds, that

question was not concluded in a subsequent action by the adjudication in the former action. But that case does not decide that a former adjudication will not be conclusive upon a given question unless the decision turned upon precisely the same evidence as that which is introduced in the subsequent action. The doctrine of estoppel becomes of very little practical value if, whenever a former adjudication is relied on, the former can be distinguished from the second by some variations in the evidence. The matter in issue or point in controversy may involve a number of minor issues, and it cannot be said not to have been decided because some of these minor issues were not specifically considered.

The matter in issue has been defined in a case of leading authority as "that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleading." *King* v. *Chase*, 15 N. H. 9. The issues presented by the pleadings may be modified by the proceedings upon the trial, as where a defence is withdrawn from consideration, or where a count in the declaration is abandoned. However this may be, the matter in issue or the point in controversy is that ultimate fact or state of facts in dispute upon which the verdict or finding is predicated. If, in an action upon a note, the defendant denies the execution of the note, and a verdict is found for the plaintiff, the fact that the defendant executed the note is established finally for the purpose of all subsequent litigation between the parties. It may be that this conclusion was reached upon the consideration of various subordinate facts which do not appear in the subsequent action, or which stand altered by the case newly presented, yet the matter in issue is concluded by the former adjudication. So, in an action against a principal upon a contract made by an agent, where the defendant denies the agency and the judgment is for the defendant, the fact that there was no agency is forever established for the purposes of future actions between the parties. It may be that the fact of an agency was attempted to be proved, on the trial of the former action, by showing that the defendant had held out the per-

son as his agent, but the conclusiveness of the adjudication could not be overthrown in a subsequent action by proof of a written authority which was not given upon the trial of the former action.

In short, whatever is merely matter of evidence becomes of no importance after the determination of the matter in issue. If these views are correct it is not difficult to determine what was the matter in issue or point in controversy in the present case. The issue was whether or not the acts of the agents in issuing the bonds were, in fact and in law, the acts of the defendant. It was determined that they were not. The point in controversy was not how or whereby the acts of the agents became the acts of the principal, but whether they were so. The plaintiff sought to establish the issue in his favor by showing a statutory authority in the agents. Instead of doing this, the plaintiff might have shown that the defendant had adopted the acts done in his behalf. A subsequent ratification is equivalent to an original authorization. Either mode of proving the agency was permissible under the pleadings, and the allegations of the pleadings in that behalf are the same in the present action as in the former one. The ultimate fact to be proved was the agency; the manner of proving it was merely a matter of evidence. The plaintiff can no more be permitted to re-open the matter in issue thus settled, by the new evidence which he offered here, than he could be by giving in evidence new or additional facts showing compliance with the statutory requirements.

Unless these conclusions express the correct view of the effect of a former adjudication, it would be wiser to abrogate all the rules which comprise the law of estoppel relating to the conclusiveness of former judgments. They are intended to give permanence to established rights by refusing to re-open controversies which have once been tried, and in which the parties have had full opportunity to bring forward their proofs and present the merits of their case. If a controversy once tried and determined is to have no effect whenever different evidence upon the same matter in issue can be produced, the

only practical result would be to add to the ordinary compli-
cations of a trial those which would arise by retrying at the
same time a former controversy also.

The motion for a new trial is denied.