## BARKER *v.* STOWE.

*(Circuit Court, N. D. New York.   January 4, 1882.)*

PATENTS—FORMER ADJUDICATION AS A BAR.

Where, in a prior suit between the same parties, founded on an infringement of the same patent, the prayer for relief was the same, and the issues the same, the present suit is barred by a decree of dismissal entered in the prior suit.

*George E. Buckley,* for plaintiff.

*Walter L. Dailey,* for defendant.

BLATCHFORD, C. J.    This suit is brought on the same reissued letters patent, No. 6,531, involved in the suit of *Barker* v. *Shoots, decided herewith.*    The defendant in this suit is the same person who was defendant in the suit of *Barker* v. *Stowe,* 15 Blatchf. 49, brought on the same patent.    By stipulation the testimony in the suit against Shoots and in this suit was taken simultaneously, and it is all of it entitled in both cases, and it is stipulated that the evidence in one "shall be good for both."    The decision in the case against Shoots disposes of all questions in this case except that of infringement, and a question as to the former suit against Stowe.

The answer sets up that the defendant's buckets are secured to him by letters patent granted to him, No. 160,125, dated February 23, 1875.    The defendant's bucket in the present case, "Lovell Exhibit No. 2," is precisely like the one described in the decision in the former suit against him as the one alleged there to infringe.    It is clearly an infringement of claims 1 and 2 of No. 6,531.

The answer sets up that in 1876 the plaintiff filed a bill in this court setting up the same matters and cause of action as are contained in this bill; that the defendant appeared on process and answered the bill, setting up the same matters previously set up in this answer; that a replication was put in; that evidence was thereafter taken in said suit; that the cause was heard on the merits, on pleadings and proofs, at the June term, 1878; that in July, 1878, the court made a decision determining that the said patent, No. 6,531, was void for want of novelty, and that the bill be dismissed with costs; that the defendant refers to said bill, answer, replication decision, decree, and judgment record in said former suit; that said court had jurisdiction of said cause, the parties thereto, and the subject-matter thereof; that said judgment and decree are valid, and remain in force; that the right of the plaintiff to the relief 'sought in that cause was duly passed upon and adjudicated; and that the plaintiff is estopped by said former judgment and decree from asserting the same in this cause.    This answer was verified March 27, 1880.

The record of the defendant's testimony, under date of November, 24, 1880, contains an entry that the defendant offers in evidence a certified copy of a decree in said suit against him, and also the opinion of the court in said suit, marked Defendant's Exhibit 5; and that the plaintiff objected to the same as immaterial, and because the

proofs on which the decision and opinion were based were not introduced. The same record, under date of February, 19, 1881, states that it is agreed between the respective attorneys "that all documentary evidence heretofore offered in evidence, that is properly certified to, shall be admitted in evidence without objection." The record of the plaintiff's testimony, under date of March 22, 1881, contains an entry that the defendant's counsel gives notice that he will read and produce on the hearing of this case the judgment roll, decision, and decree in the said former suit against the defendant, and also the evidence of Orrin O. Witherell, taken in said suit, filed with the clerk, and also all of the exhibits used on said trial, and that the plaintiff's counsel objected for the reasons before stated, under date of November 24, 1880, and because the matter is irrelevant. This cause was brought to a hearing at the June term, 1881. It then appeared that nothing had been produced and marked Defendant's Exhibit 5, and that no decree had ever been signed or entered in the former suit. This present suit was begun in November, 1879. The bill does not refer to the former suit. It alleges infringement in the past generally. When it was filed there had been no decree entered in the former suit. The proof of infringement made in this case is of an infringement on October 6, 1879. The plaintiff, in giving testimony as a witness in this case on the eleventh of June, 1880, testifies that he heretofore brought a suit in this court against this defendant, and that the case was dismissed on the evidence of O. O. Witherell. This evidence, when given, was duly objected to by the defendant's counsel on the ground that the fact must be proved by the record, and that the decision in the case could not be proved by parol, accompanied by the statement that the defendant's counsel offers to produce the decision, and followed by the statement that the counsel for the plaintiff will produce "the original of said records on which said bill was dismissed." Nothing of that kind was done by either party.

This case, though argued orally at the June term, 1881, awaited the submission of printed briefs by the respective counsel. The plaintiff's brief was submitted to the defendant's counsel in July, 1881. It took the ground that no decree had ever been entered upon the former suit; that there was no judgment or decree therein against the plaintiff when he commenced this suit, and none since; that no part of the record in the former suit had been put in evidence, nor had a copy of the decision rendered in the former suit been produced in this suit; that the defendant must, therefore, be

regarded as having abandoned the matter; and that in the absence of a decree and a judgment the former suit could be no bar. Thereupon the defendant gave notice to the plaintiff of an application to the court to sign and enter a decree in the former suit. The decision in the former suit, as found in 15 Blatchf. 49, was filed in the clerk's office July 11, 1878. The said application was made on an affidavit made by the defendant's solicitor in that suit, the same person who is the defendant's solicitor and counsel in this suit, setting forth that he was not familiar with the practice in such a case; that after such decision had been filed he supposed, and was so informed by Mr. Wright, an experienced practitioner in this court, that the clerk would enter the final decree on the filing of the decision and entering the order dismissing the bill, and that the costs could be taxed at any time and inserted in the judgment; that he supposed the decree had been entered when this suit was brought; that on the third of August, after receiving the plaintiff's brief, he went to the clerk's office, at Utica, and learned that no formal final decree had been entered; and that he then prepared a decree to be signed. The said application was made, and was opposed by the plaintiff. The judge who decided the former case granted the application, and signed a decree. It sets forth that the cause was heard on the pleadings and proofs at the June term, 1878; that the decision of the court was made and filed July 11, 1878, "whereby it was decided that the claim in the reissued letters patent No. 6,531, granted to the plaintiff, had been anticipated, and that the bill of complaint herein be dismissed, with costs; and it then orders, adjudges, and decrees "that the bill of complaint be and the same is hereby dismissed, and said defendant recover from the plaintiff the costs of this action, when taxed and adjusted by the clerk of this court, and that defendant have execution therefor." This decree was entered and enrolled August 27, 1881, the roll consisting of the bill, answer, replication, and decree.

Meantime the defendant's counsel had submitted his printed brief in this case, asking in it that a decision in this case be withheld until the decree in the former suit could be perfected and become a part of the evidence in this case. The plaintiff's brief in reply was put in, and suggested that the defendant had stated that he should not get a copy of the record in the former suit to file as an exhibit, because he had spent as much money as he was going to spend in the matter. A certified copy of the enrolled decree was sent to me, but I informed the defendant's solicitor that he must apply, on notice, to

the plaintiff for leave to have it considered as evidence. The decision of the case was delayed to allow such application to be made. It was made at the October term, 1881, on notice, and was opposed by the plaintiff. The form of it was a motion for an order opening the case, and for leave to put in in this suit the certified copy of the judgment record and decree in the former suit. The costs had been taxed at $202.35. The defendant, in an affidavit for the motion, denied that he ever stated that he would not incur the expense of procuring a copy of the decree in the former suit, and that he believed, until informed to the contrary by his attorney, that the decree had been, in fact, entered, and would be a bar to this suit; and that he was at all times willing to incur the expense of entering the same and procuring a certified copy of it as evidence in this cause. The motion was also based on the said affidavit of the defendant's solicitor used on the motion to have the decree signed.

Many affidavits on both sides have, since the October term, been furnished to me, directed to the question as to whether the defendant had said that he would spend no more money in defending the suit, leaving the common defence to be carried on by the defendant in the *Shoots Case*, and as to whether he had intentionally refrained from having the decree in the former suit entered. It seems strange that the decree was not entered. Yet the answer of the defendant, sworn to by him in March, 1880, and signed by his solicitor, not only speaks of a decision in the former case dismissing the bill therein, but refers to the decree and judgment record therein as having been made, and as existing, and as being an estoppel in this suit. In view of this the plaintiff went on to take proofs in this suit; and in the plaintiff's opening proofs, in June, 1880, the former suit was mentioned by him, as a witness, as a suit which had been dismissed, and his counsel then and there gave notice on the record that he would produce the original of the records on which the bill in that suit had been dismissed. Afterwards, when in the defendant's proofs the entry was made that a certified copy of a decree in the former suit, and of the opinion of the judge therein, marked Defendant's Exhibit 5, was offered in evidence by the defendant, (though no such papers were then produced or marked,) the plaintiff did not object to the making of the entry because nothing was produced, and did not allege that there was no decree, but objected because the proofs were not offered on which the decision had been based. Afterwards, when, in the plaintiff's proofs, the defendant gave notice that he would read and produce on the hearing the judgment roll, decision,

and decree in the former suit, the plaintiff objected on various grounds, but did not state that there was no such decree. It seems, therefore, entirely reasonable that the case should be opened so far as to allow the certified copy of the enrolled decree in the former suit to be put in evidence by the defendant and become a part of the proofs herein. The plaintiff's counsel suggests that there was no decree against the plaintiff in the former suit when this suit was brought, and that the decision filed amounted to nothing.

In *Silsby* v. *Foote*, 20 How. 290, 295, the supreme court held that the pronouncing of a decision by a circuit court and its entry in the minutes, where the judgment or decree is a simple one, "such as an affirmance or reversal and the like," constitutes a decree from which an appeal may be taken to that court. Here the decision in the former suit was a dismissal of the bill. The decree signed in the former suit states that that was the decision, and that it was made and filed July 11, 1878.

The decree in the former suit must be regarded as having the date of July 11, 1878, and the question is as to whether it is a bar to this suit. It is properly set up in the answer. The suit was between the same parties and founded in infringement of the same patent. The bill in the former suit asks for profits and damages from the date of the reissue, and for treble damages, and for a perpetual injunction. The bill in the present suit makes the same allegations and asks the same relief. The issue of the inability of the plaintiff to recover in the suit because the invention claimed had been anticipated, was tendered by the answer in the former suit, and was found in favor of the defendant, as appears by the decree. That issue cannot be again tried between the parties. If in the former suit that issue had been found in favor of the plaintiff, it could not have been again tried in this suit; and in this suit nothing would have been open but the question of infringement, if the bucket claimed to infringe were different from the infringing bucket in the former suit. Within the principles laid down in *Cromwell* v. *County of Sac*, 94 U. S. 351, and applied by this court in *Smith* v. *Town of Ontario*, 18 Blatchf. 454, it must be held that this suit is barred by the decree in the former suit.

A decree will be entered granting the defendant's motion and dismissing the bill, with costs.