Gunter, J.
A petition lias been filed in this court in the above cause, here on appeal, by the appellees therein, to enjoin the plaintiffs in an action pending in the circuit court of Kanawha county, West Virginia, from proceeding further therewith, because as it is said such West Virginia action is an attempt to retry the same cause of action as is before this court for decision by said appeal, and is therefore an interference with the previously assumed jurisdiction of this court.
*301 One question is decisive. If a final decree in the Colorado case would not be res adjudieata of the matter directly in issue in the West Virginia action the petition should be denied.
, The burden is upon the petitioners to show that a final decree in the Colorado suit would be res adjudicates of the matter proceeded on, or in issue, in the West Virginia cause. — Res Adjudicata and Stare Decisis (Wells), p. 286, § 215.
This question is determined by an examination of the complaints in the two actions. The Colorado complaint was filed November 18, 1902, and while enlarged by amendment to embrace certain matters happening between that date and April 25, 1903, it is not material to the purpose of this ruling to discuss the matters brought in by the amendment, we confine ourselves to those alleged in the original complaint. This complaint — wherein certain shareholders of The Golden Cycle Mining Company for themselves and other shareholders similarly situated are plaintiffs, and said company and two of its then directors, Milliken and Hill, are defendants — alleges in substance that the defendants, Milliken and Hill, in pursuance of a conspiracy between them to fraudulently appropriate to their use the property of said company had, during the six months preceding the lodging of the complaint, applied to their use certain property of said company, and that they were, at the time of the institution of the suit, using to their profit, and to the prejudice of defendant company, certain of its other property, in operating a claim of The Theresa Gold Mining Company. A money judgment was asked in favor of the defendant company against the two defendants, Milliken and Hill, for its property theretofore misappropriated, and an injunction restraining them from the further use of other of its property in operating said mining claim. The *302 complaint further alleges that in pursuance of said conspiracy it was the intention of the defendant directors, Milliken and Hill, when it should be to their advantage to do so, to sell certain property owned by them to the defendant company to its prejudice and to their profit. It is also alleged that defendants Milliken and Hill are about to hold a stockholders’ meeting with the purpose of reorganizing defendant company and thereby continuing* their control thereof. Averment is also made for the purpose of showing that it would not avail to apply to its board of directors to have the action brought by defendant company. A receiver for the company is also asked to protect it against said fraudulent schemes of defendants, Milliken and Hill, and an injunction against the holding of said stockholders ’ meeting. The relief thus sought was against the two directors personally for the wrongs which they had perpetrated, and which they intended yet to perpetrate.
The court upon hearing the evidence denied all relief, including the application for a receiver.
“The judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar; or, as evidence, conclusive between the same parties, upon the same matter directly in question in another court.” — King v. Chase, 15 New Hampshire 1, 15.
“But the judgment is thus conclusive only upon the matter which was directly in issue upon the former trial; and the question arises, what is to be understood by the 'matter in issue’ ’ ’ — Ib., p. 15.
“Any fact attempted tO' be established by evidence, and controverted by the adverse party, may be said to be in issue in one sense. As, for instance, in ' an action of trespass, if the defendant alleges and attempts to prove that he was in another place than that where the plaintiff’s evidence would show him to have been a.t a certain time, it may be said that *303 this controverted fact is a matter in issue between tbe parties. This may be tried, and may be tbe only matter put in controversy by tbe evidence of tbe parties. But this is not tbe matter in issue, witbin tbe meaning of tbe rule. It is that matter upon which He plaintiff proceeds by his action, and ivhich the defendant controverts by his pleadings which is in issue. * * * But facts offered in evidence to establish tbe matters in issue, are not themsélves in issue, witbin tbe meaning of tbe rule, although they may be controverted on tbe trial. Deeds which are merely offered in evidence are not in issue, even if their authenticity be denied.” — Ib., pp. 15, 16.
“Tbe matter in issue or tbe point in controversy is that ultimate fact or state of facts in dispute upon which tbe verdict or finding is predicated. * * * In short, whatever is merely matter of evidence becomes of no importance after tbe determination of tbe matter in issue.” — Smith v. Town of Ontario, 4 Fed. 386, 390, 391.
The mattérs in issue in tbe Colorado action, tbe matters there proceeded upon witbin the rule of res adjudicate, were tbe right to a money judgment against Milliken and Hill for tbe property of defendant company alleged to have been wrongfully appropriated, tbe right to an. injunction against using defendant company’s property in operating tbe Theresa, claim, the right to an injunction against tbe stockholders’ meeting, and the right to a receiver upon tbe facts as they existed at tbe time of tbe institution of that action. Whether a fraudulent conspiracy existed between Milliken and Hill arose only incidentally and collaterally as a matter of evidence in determining tbe ultimate state of facts upon which tbe judgment is based, and tbe judgment is not res adjudicate as to tbe existence of such conspiracy. As to tbe right to a money judgment against tbe two *304 directors, the right to an injunction, and the right to a receiver upon the facts as they then existed, the judgment is res adjudicaba, but not as to matters arising in evidence incidentally and collaterally to the matters in issue. — King v. Chase, supra; Smith v. Town of Ontario, supra; Res Adjudicata and Stare Decisis (Wells), chs. 15 and 16.
The "West Virginia case filed July 16, 1904, is by the same parties plaintiff as in the Colorado action, but against different defendants. The defendants therein are Milliken, Helm and McGarry, who composed a majority of the board of directors of the defendant company, as such board of directors was constituted at the date of the filing of that complaint, also certain other stockholders of said company, its treasurer and the said company. That complaint alleges in substance, that .since August, 1902, all of the defendants therein had been, and at the date of this filing were, engaged in a conspiracy to fraudulently appropriate the property of defendant company to their own use, that in pursuance thereof they had manufactured a fraudulent demand in a large amount claimed by them to arise out of certain alleged apex rights, which demand they were then urging against said company; that they had control of the board of directors of said company, and also of shareholders owning a majority of the stock of said company, and that at an early date the defendants would present said fraudulent claim to said board of directors, and would have the same allowed unless some protection was accorded by the court. While the particular fraudulent claim against which protection is asked therein grew out of, as it is alleged, the fraudulent conspiracy charged in the Colorado complaint, this particular claim had no existence at the time of filing that complaint. It further appears that during much of the more than one year intervening between the *305 filing of the Colorado complaint, and the subsequent filing of the West Virginia complaint the defendants have been busily engaged in manufacturing this particular claim and evidence and conditions which may aid in the allowance. Further, the present board of directors has two new members, Helm and McGarry, who have been substituted for Hill and Boss-Lewin of the board as it existed when the Colorado complaint was filed. The West Virginia court is asked, because of the existence of this fraudulent claim, the manufactured evidence in support of it, the manipulations of defendants in aid of its allowance, and the present composition of the board of directors, and the attitude of those owning a majority of the stock of defendant company, to protect that company against such fraudulent-claim by granting an injunction, appointing a receiver, or some other appropriate relief. The state of facts upon which relief is asked in the West Virginia complaint did not exist at the time of the filing of the Colorado complaint, so was not passed upon in that action, nor can it be in the pending appeal. The matters proceeded upon, the matters in issue in the Colorado complaint were those in existence at the time of the filing.
Ns stated, this particular .apex claim had” no existence at the time of the filing of the Colorado complaint ; further, its probability of allowance, even if it had then been in existence under the facts and conditions as they then were, and the board as it was then constituted, might not have justified any relief by that court, while the probability of allowance under the facts and conditions as they existed at the time of the filing of the West Virginia complaint might justify that court in granting some relief. It is the right of plaintiffs in the West Virginia proceeding to have a hearing upon the cause of action as presented in the complaint therein. They have not had *306 such hearing in the canse pending here'on appeal. Any judgment rendered in the cause-pending here on appeal would not be res adjudicaba of the matters in issue in the West Virginia complaint. This is a sufficient reason for denying the petition herein.
Petition denied. Denied.
Thomson, P. J., not sitting.