SHELDON B. GATES, Appellant, *v.* JOHN R. PRESTON, Respondent.

A judgment in Justices' Court in favor of a surgeon for professional services is a bar to any action by the defendant against him for malpractice in performing such services.

And this is equally so, although the recovery in the Justices' Court was upon confession without trial, and although the surgeon's suit and judgment thereon, were subsequent to the commencement of the action for malpractice, and were interposed as a defence to it by supplemental answer.

Accordingly, where an action having been commenced, and being at issue against a surgeon to recover $5,000 damages for malpractice in setting an arm, he sues the plaintiff in Justices' Court for the same professional services, the alleged unskillfulness and negligence in which constitute the malpractice complained of, and judgment was obtained before the justice by the surgeon for six dollars and fifty-eight cents; without answer, upon a written consent to its entry.—*Held*, that such judgment was a complete bar to the action for malpractice; and having been pleaded as such by supplemental answer, a demurrer thereto was properly overruled.

(Argued June 18th, 1869, and decided September 24th, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial district (POTTER, J., dissenting), affirming a judgment of the Special Term overruling a demurrer by the plaintiff to a supplemental answer.

This action was brought against the defendant, a physician and surgeon, for the recovery of damages resulting from his unskillful and negligent treatment of a dislocated elbow and fractured arm of the plaintiff, laying the amount at $5,000.

Subsequent to its commencement and after an answer was put in by the defendant, he commenced an action before a justice of the peace, to recover the value of his services in the treatment complained of, against the plaintiff, who, after a personal service of the summons, appeared on the return day, and in answer to a complaint demanding judgment for the value of such services, signed in open court, and presented to the said justice a written confession of judgment for the amount specified therein ($6.58), in favor of the defendant

herein, and a consent to the entry thereof; and thereupon the justice rendered judgment for that amount. The defendant afterward, by leave of the court, set up by supplemental answer, as a defence to the plaintiff's cause of action, the proceedings so taken and had before the justice, with an averment that he had jurisdiction of the parties and subject-matter, and that the said judgment was duly rendered; and that the same was unreversed and unappealed from.

The plaintiff interposed a demurrer to this answer, on which judgment was entered for the defendant at Special Term, which was affirmed by the General Term.

*William A. Beach,* for the appellant, cited *McDonald* v. *Christie* (42 Barb., 36); *Hancock* v. *Palmer* (17 Abbott, 335); *Barton* v. *Burt* (17 Abbott, 349); *Welch* v. *Harleton* (14 How., 97); *Batterman* v. *Pierce* (3 Hill, 171); *Gillespie* v. *Torrance* (25 N. Y., 306, 310); *Barton* v. *Burt* (43 Barb., 628).

*Alembert Pond,* for the respondent, upon the general question, cited *Bellinger* v. *Carigue* (31 Barb., 534); *Davis* v. *Talcott* (2 Kern., 184); *Edwards* v. *Stewart* (15 Barb., 67); *Higgins* v. *Meyer* (10 How. Pr. R., 363); *Birkhead* v. *Brown* (3 Sandf., 134); *White* v. *Merret* (3 Seld., 352); *Bartholomew* v. *Yaw* (9 Paige, 167). That the justices' judgment was equally a bar, though upon confession as upon issue joined, he cited *French* v. *Chatwell* (5 J. Ch., 555); *White* v. *Merrett* (*supra*); *Baron* v. *Abeel* (3 J. R., 481); *Bradford* v. *Bradford* (5 Conn., 127); Cow. & Hill, *notes*, 850).

LOTT, J. As a general rule, the judgment of a court of concurrent jurisdiction directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties upon the same question, in another court.

That was the rule laid down in the Duchess of Kingston's case (20 Howell St. Tr., p. 538), and is not questioned in any of the authorities cited by the counsel of the plaintiff, nor by the learned justice delivering the dissenting opinion in this case.

They, however, contend and insist that it applies only to cases where there has been an issue, and that in the language of the plaintiff's counsel: "There must be a judicial decision upon an unconfessed right of action."

No authority to sustain that distinction or exception has been cited; but the decisions in *Baron* v. *Abeel* (3 John. Rep., p. 481), and in *White* v. *Merritt* (3 Selden, p. 352), referred to in the opinion of BOCKES, J., at Special Term, and of ROSEKRANS, J., at General Term, establish the contrary, and show that the rule also applies to a judgment by default. In such a case the right of action (there being no denial thereof) is by implication admitted, and when there is in the answer of the defendant an express and direct admission by him of the plaintiff's right to recover, and a consent to the entry of a judgment for a certain amount, it is an admission on the record of all the facts which the plaintiff would have been bound to prove on a denial of the cause of action alleged by him in his complaint. This principle is fully asserted and declared by WELLES, J., in *White* v. *Merritt* (*supra*), and in his consideration in that case of the effect of a judgment by default, he said: "No averment is to be admitted to contradict a judgment or to dispute any legitimate inference deducible therefrom;" and GARDINER, Ch. J., in *Davis* v. *Tallcot* (3 Kernan, p. 184), in considering the effect of an admission made by the defendants on the trial of an action before a referee —— that "they were indebted to the plaintiff therein for the cause mentioned in the complaint," where the defendant had interposed an answer denying the plaintiff's right of action, said: "As the cause of action and the indebtedness of the defendant were by the complaint made dependent on a full performance of the contract by the parties who instituted the suit, the confession of the defendant was equivalent to an admission on the record to that effect, and the report of the referee, followed by the judgment of the court, consequently estopped the parties to the suit from ever after questioning that fact in any controversy upon the same agreement." It was incumbent on the defendant, under the complaint in the

action by him for the value of his services, to establish that he had performed the duty which the law imposed on him in the treatment of the plaintiff's arm, and it is conceded by the learned justice in the dissenting opinion, " that in a suit by a physician for his services, if the defendant in such suit neglects to disprove the allegation of performance and a recovery passes in favor of the plaintiff, performance of the contract is implied."

An answer expressly admitting such performance, and thus making the admission a part of the record, cannot on any principle be considered less conclusive as to the fact so admitted than the implication arising from a judgment after a denial of it by the answer, and there is no reason why it should not have the same effect as a defence. Nor is it an objection that the defence was interposed after the cause was at issue. Conceding that the effect of defeating the plaintiff's action would have established the defendant's right to recover for his services, it would not have fixed their value, and there was no rule of law that required him to await the result of that action, before he could take proceedings to recover such value.

I will only add in conclusion that the views and arguments presented with great ability and confidence in the dissenting opinion in this case, adverse to the decision therein, and the dissent of another learned justice to the decision in *Bellinger* v. *Carigue* (31 Barb. Sup. C. Rep., p. 534), to the same effect as that now under review, and which was relied on in support thereof at Special Term seemed to make it proper to consider the question more fully than I should otherwise have deemed necessary. Such consideration has led me to concur in the able and well considered opinions of the learned justices delivered in support of those decisions, and to a conclusion adverse to the views urged against them. It follows that the judgment appealed from should be affirmed with costs.

All the judges concurring for affirmance except DANIELS, J., who thought the question of malpractice not necessarily in issue before the justice.

Judgment affirmed.