CHARLES H. BLAIR, Appellant, v. OSCAR F. BARTLETT, Respondent.

A judgment in favor of a physician and surgeon, rendered in justice's court having jurisdiction, in an action in which the defendant appeared and put in an answer, but afterwards withdrew it and did not contest plaintiff's claim, is a bar to a subsequent action by the defendant against the plaintiff for malpractice in rendering the services.

An omission on the part of defendant to appear and plead, or an appearance and refusal to plead, in justice's court, is not an admission of plaintiff's demand; he must establish it by testimony the same as if issue had been joined.

Whatever, therefore, was requisite to be proved and established as facts by plaintiff in order to obtain judgment is, so long as the judgment remains unreversed, res adjudicata between the parties, and conclusive upon them.

(Argued September 26, 1878; decided November 12, 1873.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict.

This action was against defendant, a physician and surgeon, for alleged malpractice. Defendant's answer, as one defense, alleged, in substance, that he brought a prior action in jus-

tice's court, before a justice having jurisdiction, against plaintiff herein to recover his compensation for the services, in rendering which the alleged malpractice occurred; that the complaint alleged the services worth twenty-eight dollars; that plaintiff appeared in said action and put in an answer, but that upon an adjourned day he appeared and withdrew his answer and defendant proceeded to and did make the requisite proof, and showed his services to have been worth twenty-eight dollars, for which sum the justice duly rendered a judgment in his favor. These facts were upon the trial of this action admitted. Defendant's counsel thereupon moved for a dismissal of the complaint, which was denied, and counsel duly excepted.

*H. V. Howland,* for appellant. Defendant had a right to withdraw his answer in the suit in the justice's court. (*Foster* v. *Miller,* 50 Barb., 385; 13 J. R., 226; 16 id., 135.) The answer having been withdrawn, no issue was tried in the justice's court, and plaintiff was entitled to recover in this action. (*Gates* v. *Preston,* 41 N. Y., 113.) The court will only assume that such issues were tried in the justice's court as the party might have tried and had a right to try under the issues formed. (*Williams* v. *Fitzhugh,* 37 N. Y., 444; *Demerest* v. *Day,* id., 281; *Sheldon* v. *Edwards,* 35 id., 279; *Hayes* v. *Reese,* 34 Barb., 151.) The judgment in the justice's court was not a bar to this action. (*Barth* v. *Burt,* 43 Barb., 628; *Burdick* v. *Post,* 12 id., 168; *Batterman* v. *Pierce,* 3 Hill, 171; 3 Sandf., 743; 1 Duer, 667; 4 E. D. Smith, 285; 14 How., 97.) Recovery for malpractice by plaintiff against defendant would have barred defendant's right to recover for his services. (*Edwards* v. *Stewart,* 15 Barb., 67.)

*Wm. Porter,* for respondent. The judgment for defendant in the justice's court was a bar to this action. (*Bellenger* v. *Craigne,* 31 Barb., 534; *Gates* v. *Preston,* 41 N. Y., 113; *White* v. *Merritt,* 3 Seld., 352; *Newton* v. *Hooks,* 48

N. Y., 676; *Brown* v. *Mayor of New York*, 66 id., 390; *Barns* v. *Abel*, 3 J. R., 481; *Barthlomew* v. *Gag*, 9 Paige, 165; Sedgwick on Damages, 433; 4 E. D. Smith, 171; *Fisher* v. *Sumada*, 1 Camp., 190; *White* v. *Merritt*, 7 N. Y., 356; 21 id., 367, per DAVIS, J.; 69 N. Y., 517, per CHASE, Ch. J.)

FOLGER, J. The plaintiff sued the defendant for malpractice as a physician and surgeon. He obtained a verdict for $1,000. One of the defenses set up by the answer, and urged at the trial, was this : That the defendant had before that sued the plaintiff in a court of a justice of the peace ; that the action there was for services rendered by him to the plaintiff as a physician and surgeon ; that he recovered a judgment therefor, which included the value of the same services that constituted the alleged malpractice ; that the plaintiff appeared in that court and put in an answer to the complaint, but afterwards withdrew the same, and did not contest the defendant's claim.

The question now is, whether the judgment so recovered is a bar to the action for malpractice.

It must be considered as settled in this State, that a judgment in favor of a physician and surgeon for his professional services, rendered by a court of competent jurisdiction, in an action in which the defendant appeared and answered, setting up a defense which he maintained at the trial, or in an action in which he appeared and signed and filed a written confession of judgment for the amount of the services, is a bar to an action for malpractice by that defendant against that physician and surgeon for malpractice in rendering those services. (*Bellinger* v. *Craigue*, 31 Barb., 534; *Gates* v. *Preston*, 41 N. Y., 113); citing and approving the case in Barbour (*supra*).

These decisions cited are put upon the principle of *res adjudicata ;* that is, that the same question now raised between the parties has been once judicially decided between them, or their privies in blood, law or estate, and the

judgment thereon remains unreversed. The facts actually decided by an issue in any suit cannot be again litigated between the same parties, and are evidence between them, and that conclusive, for the purpose of terminating the litigation ; and so are the facts alleged by one party and directly admitted by the other. It matters not in what court a judgment, relied upon as a bar, has been rendered, so that it had jurisdiction. (*Smith* v. *Hemstreet,* 54 N. Y., 644.)

It seems that these general principles embrace the case in hand ; but it is claimed that this case is to be excepted therefrom, and from the force of the decisions above cited, for that there was no issue joined and kept alive in the court of the justice of the peace until the trial there ; the defendant in the action there having withdrawn the answer put in by him, and declined to litigate there with the plaintiff. That fact will not avail. It was held in *Brown* v. *The Mayor,* etc. (66 N. Y., 385), that an adjudication, made on the default, (that is, on the failure to appear at the trial,) of the party proceeded against under the statute for the dispossession of a tenant, was conclusive, in an action subsequently pending between the same parties, of the facts alleged, and which were required to be alleged, as the basis of the prior proceedings ; and see also *Newton* v. *Hook* (48 N. Y., 676); and *Jarvis* v. *Driggs* (69 id., 143), where 66 N. Y. (*supra*), is somewhat limited. This is more especially the case with a judgment of a court of a justice of the peace ; for that court cannot render a judgment based alone upon the failure of the defendant to appear. It must have proof of the facts material and necessary to sustain the action. It must proceed to hear the proofs of the plaintiff and determine the same, in the same manner as though issue was joined. (2 R. S., 242, § 92.) The omission to appear and plead is not to be taken as an admission of the plaintiff's demand, but he must establish it by testimony, as though an issue had been joined. It is the same if the defendant appear and refuse to plead. (*Cudner* v. *Dixon,* 10 J. R., 106.) And this rule is not

altered by the Code. (*Armstrong* v. *Smith*, 44 Barb., 120.)
It follows then, that whatever must have been proved and
established as facts before the justice of the peace, by the
defendant in this action and the plaintiff there, in order to
obtain the judgment of the court there in his favor, so much
is, so long as that judgment stands unreversed, *res adjudicata*
between the parties to that and to this action, and conclusive
upon them. Now it is a rule, that after verdict it is to be
assumed that every fact was proved upon the trial, which was
expressly stated in the declaration, or which was necessarily
implied from what was so stated (*Spiers* v. *Parker*, 1 T. R.,
137; *Jackson* v. *Pesked*, 1 M. & S., 234) ; or which the alle-
gations of the declaration required to be proved. (*Nerot* v.
*Wallace*, 3 T. R., 25.) The complaint in the action in
justice's court alleged a demand for the same services which
are set forth in the complaint in the action now before us, as
the malpractice sued for ; and that those services were worth
the sum of twenty-eight dollars. Those allegations were
material, especially that of the value of the services.
We must assume then that the rendering of the services,
and that they were of some value to the plaintiff in this
action, was proved. Indeed the answer of the defendant
in this action expressly avers that such proof was made.
It is to be taken as true then that such proof was made
and was passed upon by the justice's court, and that in
reaching a judgment for the plaintiff in that action against
the defendant there, that court did adjudge and determine
that the proof given established the facts of the rendition of
the services and that they were valuable to the defendant
there. But if of value, they could not have been useless ;
and if of use, they could not have been harmful ; and if not
harmful, there could not have been *mala praxis* in the per-
formance of them. Hence it is *res adjudicata* between these
parties that there was not the malpractice, on the allegation
of which, in this action, the plaintiff here seeks to recover.
The same question, now raised in this action between these
parties, has once been judicially decided between them, and

the judgment remains unreversed. It is said by the appellant here, that if there had been an answer put in and not withdrawn, if a denial of the complaint had been kept alive, and an issue thus raised, he might have shown that the services were not of any value, because they were unskillfully performed. But, as we have seen, the justice's court was bound to try the case, as if there had been an issue; and an issue can mean nothing less than a denial of the allegations of the complaint material to show a cause of action. That would put in issue the rendering of the services, and that they were of value, and the extent of the value if shown to be of any; and would require proof of those facts. (*Prindle* v. *Caruther*, 15 N. Y., 425–429; *Huntly* v. *Bulwer*, 6 Bing. [N. C.], 111; *Hill* v. *Featherstonehaugh*, 7 id., 569.) It is said in England, that under a plea of *non assumpsit*, in an action by an attorney-at-law for his professional services, his negligence can be given in evidence, provided it satisfies the jury that the work done became wholly worthless to the defendant by reason of such negligence. (*Bracey* v. *Carter*, 12 Ad. & Ell., 373.) In this State it has been once held, that the defense of negligence, in such case, must be specially pleaded, or notice of it given, and that it cannot be given in evidence under the general issue; (*Runnyan* v. *Nichols*, 11 J. R., 547); but it was after that, in *Gleason* v. *Clark* (9 Cow., 57), held, in accordance with 12 Ad. & Ell., (*supra*), that where the defense goes to destroy the claim entirely, it may be availed of under the general issue. Be that as it may under the general rules of pleading, we have seen that by the statute concerning justices' courts, the non-appearance of the defendant to litigate with the plaintiff, is tantamount to a complete denial of his cause of action, and requires of the court that it have full proof thereof, before it gives judgment therefor. Thus proof was needed that the services were of any value at all; and if at all, to what extent. So that non-appearance in effect denied that there was any value, in effect indeed asserted that they were utterly valueless. When the judgment was rendered, and was

unreversed and unappealed from, it did establish between the parties to it that there was a value to them, and that the defendant therein had a benefit from them. That question is settled forever between them by that judgment. It cannot be opened and litigated again, by either of them, in another action.

The order appealed from should be affirmed, and judgment absolute given for defendant on stipulation, with costs.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed, and judgment accordingly.