(12 Misc. Rep. 507.)

## McDONALD v. NUSE.

(Superior Court of Buffalo, General Term. May 15, 1895.)

SALE—WARRANTY—EVIDENCE.

A warranty of a watch is not proved, so as to sustain a default judgment for breach thereof, by a letter from the seller admitting receipt of the first movement sent out by him, acquiescing in its return as not fulfilling conditions, and reciting that another, received from the factory, had been sent, and that the makers do not like to admit that any of their movements fail to perform what they claim for them, together with the buyer's testimony that he ordered a watch of a certain movement and manufacture to be nonmagnetic, which was guarantied, as it appeared that the parties never met, and that the contract must therefore have been in writing, and should have been produced, or its absence accounted for before proving it by parol.

Appeal from municipal court.

Action by Thomas H. McDonald against Frank P. Nuse. From a judgment for plaintiff, defendant appeals. Judgment set aside.

Argued before TITUS, C. J., and WHITE and HATCH, JJ.

A. J. Hibbard, for appellant.

Hull & Stewart, for respondent.

HATCH, J. This action was brought to recover back the purchase price of a watch for an alleged breach of warranty in the sale thereof. The parties appeared, joined issue, and the cause was adjourned. Upon the adjourned day, defendant did not appear. Plaintiff gave evidence of his claim, and the court rendered judgment for the amount thereof. Defendant now claims that there was no sufficient legal evidence to establish plaintiff's claim. It is an ancient rule in justices' courts that, in default of appearance, plaintiff is required to establish his cause of action by legal proof. Blair v. Bartlett, 75 N. Y. 150; Northrup v. Jackson, 13 Wend. 84.

Plaintiff resides in Denver, Colo., and the defendant in Buffalo. The parties have never met, and the whole transaction is contained in written correspondence. Consequently, the contract between the parties is to be found in the letters which passed between them. Upon the trial two letters were produced written by defendant, but nothing is contained therein which shows what the contract of sale was. They admit the receipt of the first movement sent out; and acquiesce in its return as not fulfilling conditions, and send back either the same or another movement, received from the factory, with a statement that the company does not like to admit or have it said that any of their movements fail to perform what is claimed for them to do. There is nothing in this which establishes that defendant warranted that the movement would answer any requirement. He accompanies it with no promise or agreement on his part. Plaintiff's evidence was taken by commission, and upon the subject of warranty he says:

"About March 15, 1892, I ordered a watch of the Appleton, Tracy & Co. movement of the American Waltham Watch Co. manufacture, the same to be nonmagnetic. The terms on which the watch was bought was such as govern the sale of any such movement. I was governed by the warranty of the American Watch Co. The said company guaranties their nonmagnetic movement to resist the most powerful magnetic currents."

It is clear that all of this must have been in writing, and consequently the writing was required, or its absence accounted for before parol proof could be given. He says, "I was governed by the warranty," but that does not say that defendant was bound by it. What the terms were which govern the sale of such movements, and whether it was the same which he says he was governed by, or whether it is a warranty by the same company, is not clear. Perhaps enough could be spelled out in that regard if the writing contained what the testimony states it did. But that nowhere appears, and it was the legal proof which plaintiff was required to produce before the court was authorized to render judgment, and defendant may avail himself of such error on this appeal.

The evidence is abundant and legal to show that the watch did not perform what was expected of it, and defendant was prima facie in possession of the written order which he undertook to execute, and could have produced the same upon the trial. He did put in an answer, but failed to appear and offer proof. As he, probably, is in possession of the legal proof, and could have secured a proper disposition of the case by proof of the whole facts, we think we ought not to reverse the judgment, with costs, but set the judgment aside, and order a new trial in the municipal court, with $10 costs of this appeal to abide the event of the action.

WHITE, J., concurs.

TITUS, C. J. I concur in the conclusion of Judge HATCH, for the reason that there is no competent proof that, by the terms of the order given for the watch by the plaintiff, it was to be nonmagnetic.