LIZZIE H. ZEREGA, Respondent, v. ERNST WILL, Appellant.

*Action for rent — a former judgment for rent due under the same lease is conclusive
as to the defenses of eviction and surrender prior to its rendition — when the tenant
assumes the risk of the condition of the demised premises.*

In an action to recover rent, to which the defenses of eviction from and surrender
and acceptance of the demised premises are interposed, proof of a judgment
recovered in a previous action between the same parties for rent due under the
same lease is a conclusive answer to such defenses, as to any matters occurring
prior to its rendition.

Where a tenant has had an opportunity to examine the demised premises prior
to the time that the lease was made, and the lease contains no express covenant
of warranty, the tenant assumes the risk of their condition.

APPEAL by the defendant, Ernst Will, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of New York on the 28th day of February,
1898, upon the verdict of a jury rendered by direction of the court.

*Joseph I. Green*, for the appellant.

*Thomas H. Barowsky*, for the respondent.

McLAUGHLIN, J.:

The plaintiff, by an instrument in writing for a term and at a
monthly rental therein specified, leased to the defendant a portion
of a building. The defendant paid the rent for the first month
(May, 1890), and went into and continued in possession of the•same
until near the close of the month, when he vacated. When the rent
for the next month (June) became due, the defendant having failed
to pay, the plaintiff brought an action in the City Court of New
York to recover the same. The defendant appeared in that action,
and the defense there interposed was substantially the same, except
surrender and acceptance, as the one interposed in this action. The
action was tried and the plaintiff had a judgment for the amount
claimed. The balance of the rent under the lease having become
due and the defendant having failed to pay, this action was brought,
and the defendant had a judgment for the amount claimed and the
defendant has appealed.

The judgment is assailed principally upon the ground of errors

alleged to have been committed by the trial court (1) in permitting the plaintiff to put in evidence the judgment roll in the City Court action, and (2) in excluding certain testimony offered by the defendant.

We think the judgment roll was admissible. The action was between the same parties to recover rent claimed to be due under the lease here involved. The defendant there claimed he ought not to pay because he had been evicted, and that is one of the defenses here relied upon. That he was not evicted prior to the time the rent for the month of June became due was settled and determined in the City Court action, and the judgment there rendered conclusively determined and established that fact. (*Gates* v. *Preston*, 41 N. Y. 113; *Webb* v. *Buckelew*, 82 id. 559; *Griffin* v. *Long Island R. R. Co.*, 102 id. 449.) There was no evidence upon the trial of this action that the defendant was evicted after the rent for the month of June became due. Indeed, it affirmatively appeared from the defendant's own testimony that he left the leased premises before the first day of June, and his testimony was not disputed, but was supported by that of several other witnesses. It is apparent, therefore, that the judgment roll was admissible as bearing upon the defense of eviction. It was also admissible as bearing upon the question of whether there had been a surrender and acceptance. The defendant testified that he left the premises "the latter part of May," and his contention is that when he vacated he surrendered the premises to and the same were accepted by the plaintiff. That question was, however, settled and determined in the action in the City Court, and the judgment then rendered is conclusive and binding upon the parties upon that subject. "The rule is well settled," where the second action is upon the same claim or demand as the first, "that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties *might have litigated* and have decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as matter of claim or of defense." (*Griffin* v. *Long Island R. R. Co.*, *supra;* *Cromwell* v. *County of Sac*, 94 U. S. 351.)

Upon the trial the defendant endeavored to show by his own testimony a surrender and acceptance of the premises. The testimony was excluded upon the objection of the plaintiff and we think properly. Each of the questions to which objection was made related to a time prior to the rendition of the judgment in the City Court action, and each ruling simply went to the extent of excluding evidence of a surrender prior to that time. Had the defendant sought to prove a surrender and acceptance subsequent to the time the plaintiff's right to recover rent for the month of June accrued, the testimony would have been proper and admissible, but this he did not attempt to do, and the reason is obvious. The defendant had testified that he left the premises in May, and, therefore, he was asked if he did not surrender in *May, June or July.*

The court also properly declined to receive evidence as to the condition of the basement. It appeared that the defendant had an opportunity to examine the premises leased prior to the time the lease was made, and the lease contained no express covenant of warranty, in the absence of which the defendant assumed the risk of their condition. (*Franklin* v. *Brown,* 118 N. Y. 110.)

The defendant failed to establish any defense to the action. There was an entire failure of proof showing, or tending to show, either an eviction or a surrender and acceptance. The trial court, therefore, was right in directing a verdict for the plaintiff.

The judgment appealed from must be affirmed, with costs.

VAN BRUNT. P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.