(47 App. Div. 464.)

## BULMER v. YOUNG et al.

(Supreme Court, Appellate Division, Second Department. January 30, 1900.)

JUDGMENTS—RES JUDICATA.

    Plaintiff's assignor agreed to furnish defendant a gas engine, which he guarantied, and to instruct a competent man in defendant's employ in operating it. In an action by the assignor to recover the price, the issue tried was whether the engine was capable of working in a proper manner, and judgment was for defendant. *Held*, that the judgment was res judicata in an action by plaintiff to recover the price; for, though the question of the competency of the employé might be adjudicated, the question as to capability of the engine had been fully determined.

Appeal from special term, Queens county.

Action by William C. Bulmer against Nicholas Young and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Howard A. Sperry, for appellant.
Daniel P. Hays, for respondents.

WOODWARD, J. While not disposed to extend the doctrine of res adjudicata, we are clearly of opinion that the judgment in the case at bar should be affirmed. Plaintiff's assignor entered into a contract with the defendants to furnish and set up a secondhand gas engine, which was guarantied for a period of one year. It was provided in the contract, among other specifications, that plaintiff's assignor should instruct a competent man in defendants' employ in the operating and oiling of the engine. The engine was put in, and instructions were given as provided, and the defendants neglected or refused to pay the contract price for the engine. Plaintiff's assignor brought an action to recover the agreed price of the engine; alleging in his complaint, with the other necessary averments, the instruction of a competent man in defendants' employ. Defendants, in answering, admitted the instruction of the competent man in their employ, but alleged that the engine "was never put up in good running order, and that the same would never operate in good running order, although the said defendants had a competent man to run the same." Upon the trial of the issue thus raised, the jury found for the defendants, and the judgment entered upon that verdict has never been appealed from. Plaintiff, as the assignee of the original plaintiff, now seeks to bring a new action upon the same state of facts, except that he alleges in his complaint that plaintiff's assignor instructed "such men in the employ of the said firm as they furnished and designated for that purpose, how to run and clean said engine"; and, because of the fact that the learned trial court in the original action withdrew the question of the competency of defendants' employé from the jury, plaintiff urges that the question was not litigated, and that he is not estopped from reopening the controversy by reason of the former adjudication. It is possible that, in a litigation in which the question

of the competency of defendants' employé was in issue, the judgment would not estop the plaintiff from showing the contrary; but in the action brought by plaintiff's assignor the issue tried was whether the engine put into the establishment of the defendants was capable of working in a proper manner,—whether it was "put up in good running order,"—and so long as the judgment is unreversed that question cannot be retried, even though the court erred in withdrawing from the jury the question of the competency of defendants' employé who is conceded to have been instructed as to the running of the engine. In the original action the plaintiff averred that he had instructed a competent man in the defendants' employ, in accordance with the terms of the agreement. The defendants admitted that allegation, and averred that they had a competent man to run the engine, and the only question for the jury to determine was whether the engine was "put up in good running order." Even should the plaintiff now be allowed to show that the defendants' employé was not competent, it would not disturb the question of fact determined upon the former litigation, that the engine was not put up in good running order, and the action would therefore be unavailing. If there was error on the former trial, the remedy was by an appeal, not by a new action in which the material question of fact disposed of would have to be re-litigated. The judgment in the original action cannot be attacked collaterally, and that is the effect of the action now before us. If the plaintiff has a right of action upon the original contract, because of an alleged error on the part of the trial court in not submitting an incidental question to the jury,—a question which was not raised by the pleadings,—then any litigant who is not satisfied with a verdict may allege error, and by amending his pleadings may have his whole controversy reheard. There is no such law in this state. "The facts actually decided by an issue in any suit," say the court in Blair v. Bartlett, 75 N. Y. 150, 153, "cannot be again litigated between the same parties, and are evidence between them, and that conclusive, for the purpose of terminating the litigation; and so are the facts alleged by one party, and directly admitted by the other."

The judgment appealed from should be affirmed, with costs. All concur.