WEISINGER et al. v. ROSENBERG et al.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. JUDGMENT—CONCLUSIVENESS OF ADJUDICATION—MATTERS CONCLUDED — ISSUES ON PLEADING.

A judgment for the plaintiffs in a previous action for services in dyeing skins, is a bar to a subsequent action against them by the defendants therein for damages for negligence in dyeing the skins, since the care used in doing the work was an element in the claim for the value of the services.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1254–1258.]

2. SAME—JUDGMENTS CONCLUSIVE—JUDGMENT ON DEFAULT.

A prior judgment by default may operate as a bar to a subsequent action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1012.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph Weisinger and another against Joseph Rosenberg and another. From a judgment for plaintiffs, defendants appeal. Judgment reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Bennett E. Siegelstein, for appellants.
Louis J. Frey, for respondents.

BISCHOFF, J.  The plaintiffs' recovery of damages for the defendants' negligence in the performance of work upon skins delivered to the latter to be dyed proceeded upon a disregard of the legal effect of a judgment recovered by the defendants against the plaintiffs in the Municipal Court for the Fourteenth district for the value of the services performed.  Necessarily the use of reasonable care in the performance of the work was an element involved in the claim for the value of the services, and the judgment could not have been rendered consistently with the state of facts upon which the plaintiffs' present cause of action is based.  That under such circumstances the judgment for the value of the services is a bar to a suit for negligence, and that the effect is the same although the earlier recovery was upon default, has been settled by authority.  Blair v. Bartlett, 75 N. Y. 150, 31 Am. Rep. 455.  Pray v. Hegeman, 98 N. Y. 351, 358.

The judgment must be reversed, and, since the cause of action cannot, in any aspect of the proof, be saved from the conclusive effect of the former adjudication, a new trial is not ordered.

Judgment reversed, with costs.  All concur.