OPINION OF THE COURT
James F. Niehoff, J.
The question presented to the court herein is whether a judgment by default in an action by a physician to recover for professional services constitutes a bar to an action by the patient against the physician to recover damages based upon a claim of malpractice in the performance of the services.
*425 The pertinent facts are as follows:
In June of 1968 the plaintiff Harold Kossover was hospitalized at North Shore Hospital for an operation described as a splenectomy. Thereafter, said plaintiff saw the defendant Dr. Arnold Trattler for an operative procedure involving the repair of a herniation of the scar from the previously performed splenectomy. Several years later and on or about May 14, 1974, the plaintiff was again seen by the doctor which visit was followed by a second repair of the herniation of the splenectomy scar. It appears that plaintiff was admitted to the North Shore Hospital on May 27, 1974 for such surgery and that the second repair took place on May 28, 1974. As a result of complications following the surgery, Mr. Kossover remained under the doctor’s care in North Shore Hospital until June 22, 1974.
On December 19, 1974 the defendant doctor brought an action in the Third District Court, Nassau County, Great Neck, against the plaintiff Harold Kossover to recover $750 "for services rendered to the plaintiff on May 21, 1974”, and for interest owed from that date. No answer was filed by Mr. Kossover and a default judgment was entered against him. Subsequently, on January 5, 1976 Mr. Kossover satisfied the default judgment.
On March 24, 1976 the plaintiffs commenced the instant action sounding in medical malpractice against Doctor Trattler and the North Shore Hospital. The plaintiffs seek to recover for injuries and pain and suffering allegedly flowing from the negligent surgery of May 28, 1974 and from the alleged negligent treatment by the defendants following the surgery. The period covered by the complaint is May 27, 1974 through June 22, 1974. On October 27, 1976 the defendant Arnold Trattler interposed his answer and during the past four years the action has progressed to a point where it appears ready for trial. A medical malpractice panel hearing was held with the result that no recommendation was made by the panel.
Before the court is a motion by the defendant Trattler (1) for leave to amend his answer to allege that the plaintiffs may not maintain this malpractice action because of "the affirmative defense of estoppel (either direct or collateral)” and/or because of "the affirmative defense of res judicata” and (2) for accelerated judgment, and/or in the alternative, summary judgment, based upon those affirmative defenses.
*426 The plaintiffs have filed a cross motion for leave to serve a supplemental bill of particulars.
In support of his claim that the default judgment in the action for services rendered by the doctor is a bar to a later malpractice action based on the same services the defendant doctor relies principally upon the cases of Blair v Bartlett (75 NY 150), Gates v Preston (41 NY 113), and Goldfarb v Cranin (35 Misc 2d 126).
In the Blair case (75 NY, at p 152) the Court of Appeals wrote: "It must be considered as settled in this State, that a judgment in favor of a physician and surgeon for his professional services, rendered by a court of competent jurisdiction, in an action in which the defendant appeared and answered, setting up a defense which he maintained at the trial, or in an action in which he appeared and signed and filed a written confession of judgment for the amount of the services, is a bar to an action for malpractice by that defendant against that physician and surgeon for malpractice in rendering those services.”
The court went on to hold that the same result follows in an action in which the defendant patient appears and puts in an answer, but afterwards withdraws it and does not contest the plaintiff doctor’s claim. In reaching that conclusion the court pointed out that in the Justices’ Court where the action was pending an omission on the part of a defendant to appear and plead, or an appearance and refusal to plead is not an admission of plaintiff’s demand. He must establish it by testimony the same as if issue had been joined.
The Gates case (supra) invollved a situation wherein the patient signed a written confession of judgment, thereby conceding the value of the services performed.
In the Goldfarb case (supra) the patient as defendant in the action for the value of services appeared, answered and interposed a counterclaim for injuries caused by the carelessness of the dentist, but did not appear at the trial.
The theory underlying the courts’ application of the doctrine of res judicata in the cases relied upon by the defendant is that the issue of the quality of the services rendered by the doctor or dentist was necessarily determined in the action seeking payment for the services rendered. Thus, the possibility of an inconsistent ruling or judgment would be raised by relitigation of that issue in an action premised upon malpractice.
*427 The factual differences which distinguish the present case from the Gates, Blair and Goldfarb cases (supra) convinces the court that they are not determinative of the case at bar. In both Gates and Blair (supra) the courts’ application of the doctrine was influenced by the actual determination in the original actions as to the quality of the services rendered. As shown, in Blair (75 NY 150, 153, supra) the court pointed out that the action to recover for services was in the court of a Justice of the Peace and by statute such a court could not render a judgment based alone upon the failure of the defendant to appear, but was required to hear proof of the facts necessary to sustain the action.
In Gates (41 NY 113, 116, supra), where the underlying judgment was obtained upon the confession of the patient without trial, the court noted that "[a]n answer expressly admitting such performance, and thus making the admission a part of the record, cannot on any principle be considered less conclusive as to the fact so admitted than the implication arising from a judgment after a denial of it”.
In Goldfarb (35 Misc 2d 126, supra) as already noted, the malpractice plaintiff had interposed a counterclaim for injuries sustained in his answer to the dentist’s lawsuit for payment but later failed to appear and a default judgment was ultimately entered against him. In dismissing the malpractice action, Mr. Justice Brennan noted (p 127) that the malpractice plaintiff "chose not to defend the prior action because he could not obtain professional witnesses to testify as to the faulty work” of the dentist.
In an annotation entitled "Doctrine of res judicata as applied to judgments by default” the American Law Reports, Annotated (128 ALR 472) points out that the general rule is that a judgment by default in an action by a physician against his patient for professional services is not a bar to the recovery of damages resulting from malpractice in the performance of the services. The annotation then goes on to indicate that New York is the exception to that general rule (128 ALR 472, 502). That statement by the author of the annotation is predicated upon the holdings in the Blair and Gates cases (supra).
This court is of the view that the rule in the Blair and Gates cases (supra) is not as sweeping as the annotation would indicate and that the rule should not be extended to a case *428 such as this one where no ansvyer was interposed and no proof was taken by the District Court.
The foundation principle upon which the doctrines of res judicata and collateral estoppel rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, shall be conclusive upon them.
Let us turn now to the case at bar. The right to claim malpractice is both a defense to an action to recover for professional services and a predicate for a counterclaim, and if used for either purpose, that is, either by way of defense or recoupment, it destroys the vitality of the claim, if it is later sought to be used in an independent action. If the patient appeared in the suit by the physician, he was bound to assert all the defenses he had available to him. Hence, he is estopped by the fact that he had a defense of malpractice, of which he failed to avail himself. But if the patient has not appeared, then the question of malpractice has never been adjudicated, and, in the judgment of this court, he is at liberty to assert his claim by an independent acljion. In a word, the issue of malpractice not having been judicially tried and determined by a court of competent jurisdiction, is yet to be resolved.
The present case illustrates the need to ignore wholly technical and theoretical arguments and to bring common sense and fairness to bear upon the subject of res judicata. Surely everyone knows that, as a matter of fact, the question of the defendant doctor’s malpractice was not determined by the default judgment which he obtained in the District Court for payment for his services. To hold that the plaintiff herein is barred from maintaining vyhat may be a good cause of action in malpractice simply because he defaulted in the District Court action hardly selves the interests of justice and appears to this court to exalt form and technicality over substance and reality, a resu subscribe. t to which this court cannot
Accordingly, this court hold s that the defendant doctor’s proposed defense of estoppel or res judicata is inapplicable to the facts of this case and that no amendment to his answer should be permitted.
Moreover, even if the court were to assume that the rule of the Blair (75 NY 150, supra) and Gates (41 NY 113, supra) *429 cases applies herein, it is clear that for the defendant’s District Court action to serve as any sort of bar, the services for which that judgment was rendered must be the same services which are set forth in this malpractice action. According to the allegations set forth in his complaint, any judgment recovered by Dr. Trattler was based on treatments he rendered up to May 21, 1974. The action for malpractice is based upon treatments rendered on May 27, 1974 and thereafter. Suffice it to say that the Kossovers would suffer a grave injustice if Dr. Trattler’s own complaint was not strictly construed against him. Thus, if any issues are precluded by the defendant’s District Court judgment, they would be as to the propriety of the treatment rendered prior to May 21, 1974, and that action cannot be said to preclude litigation with respect to any services rendered after that date.
Inasmuch as the court finds the defense sought to be raised in the proposed amended answer to be without merit, the defendant’s motion to amend his answer and for accelerated judgment, and/or in the alternative, summary judgment is hereby denied.
The cross motion of the plaintiffs for leave to serve a supplemental bill of particulars is granted.