■ ANN TANTILLO et al., Appellants, v JOHN GIGLIO, Respondent.—In a dental malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 27, 1988, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, entered September 22, 1988, as, upon renewal and reargument, adhered to its prior determination.

Ordered that the appeal from the order entered July 27, 1988 is dismissed, as that order was superseded by the order entered September 22, 1988, made upon renewal and reargument; and it is further,

Ordered that the order entered September 22, 1988, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant Dr. John Giglio rendered dental services to the plaintiffs Ann and Robert Tantillo and their children from April 22, 1980, to April 29, 1982.

In or about February 1983, Dr. Giglio commenced an action against the Tantillos in the County Court, Westchester County, alleging, inter alia, that he "performed professional work, labor, and services in the nature of dental treatments" for the Tantillos' children, as to whom there was an account stated and, in addition, that the reasonable value of those services was $3,584.62. Dr. Giglio further alleged that he had also performed dental services for the plaintiff Ann Tantillo pursuant to a written contract, and that pursuant to the

contract he was owed $3,520.61. Dr. Giglio also asserted a cause of action for attorney's fees in the sum of $3,000.

The Tantillos defaulted in the action brought by Dr. Giglio, and on August 24, 1983, judgment was entered against them. Thereafter, the Tantillos brought the instant action against Dr. Giglio, alleging that he committed malpractice in relation to the services performed upon the plaintiff Ann Tantillo. It is clear that all of the services complained of are included among those for which the Tantillos defaulted in Dr. Giglio's action to recover for professional services rendered. Dr. Giglio moved for summary judgment asserting that the earlier default judgment is a bar to this medical malpractice action.

Under New York law, a default judgment generally bars litigation of issues that were, or could have been, determined in the prior action (*Chisholm-Ryder Co. v Sommer & Sommer*, 78 AD2d 143; Siegel, NY Prac § 457; *see also*, Baer, *Default Judgments: When, to Whom and for How Much?*, NYLJ, June 28, 1989, at 1, col 1, citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:26, at 881; Annotation, *Doctrine of Res Judicata as Applied to Default Judgments*, 77 ALR2d 1410). In *Blair v Bartlett* (75 NY 150), the Court of Appeals held that a judicial determination, entered upon default, fixing the value of a professional's services, is a bar to an action for malpractice by a defaulting defendant against that professional for malpractice in rendering those services.

Although the *Blair* holding has been criticized (*see*, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.30; *see also*, *Kossover v Trattler*, 82 AD2d 610, 612-624 [Gibbons, J., concurring]), the facts of this case do not warrant a departure from the *Blair* rule, which has not been repudiated by the Court of Appeals. The concern expressed by the critics of *Blair*, and one of the key elements to consider in determining whether a default judgment bars a subsequent action so as to avoid piecemeal litigation, is the relative importance of the two suits and whether the default can be reasonably ascribed to the insignificance of the first action.

Here, the Tantillos were served with a complaint in the first action seeking a judgment of over $10,000. It cannot be said that their incentive to defend against the action to recover damages for services rendered was substantially less than their incentive to prosecute the instant malpractice action. Under the circumstances, we cannot say that the Tantillos lacked a full and fair opportunity to defend against the claim or that they were unable to reasonably anticipate the conse-

quences of their default *(see, Evergreens v Nunan,* 141 F2d 927, *cert denied* 323 US 720; Vestal, *Preclusion/Res Judicata Variables: Nature of the Controversy,* 1965 Wash U LQ 158).

Accordingly, under the circumstances of this case the default judgment in the action commenced by Dr. Giglio constitutes a bar to the instant action. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.