■ DAVID G. HUNT, JR., Appellant, v MARY T. GODESKY, Respondent.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated May 25, 1990, which, upon a ruling granting the defendant's motion to amend her answer to assert the affirmative defense of collateral estoppel and for summary judgment, is in favor of the defendant dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated June 25, 1990, as upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the judgment dated May 25, 1990, is dismissed as that judgment was superseded by the order dated June 25, 1990, made upon reargument; and it is further,

Ordered that the order dated June 25, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

As a general rule, motions for leave to serve amended pleadings should be liberally granted unless the rights of the parties are substantially prejudiced *(see, Cutwright v Central Brooklyn Urban Dev. Corp.,* 127 AD2d 731). Where the party opposing a motion to serve an amended pleading cannot demonstrate prejudice resulting directly from the delay, de-

nial of the motion has been deemed to be an improper exercise of the court's discretion *(see, Murray v City of New York,* 43 NY2d 400). In this case, the plaintiff could not claim prejudice because he had full knowledge of all the facts giving rise to the affirmative defense raised by the defendant in her amended answer.

Furthermore, the affirmative defense of collateral estoppel was properly asserted by the defendant in her amended answer. A judicial determination entered upon default fixing the value of a professional's services is a bar to an action to recover damages for malpractice by a defaulting defendant against that professional for malpractice in rendering those services *(see, Gates v Preston,* 41 NY 113; *Blair v Bartlett,* 75 NY 150; *Tantillo v Giglio,* 156 AD2d 664). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.