■ ALICE HARRIS, Appellant, v SHELLY STEIN, Respondent. [615 NYS2d 703] —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered December 22, 1992, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

We find unpersuasive the plaintiff's contention that the Supreme Court erred in determining that her medical malpractice action was barred by the entry of a default judgment against her in a prior action by the defendant to collect fees for his services. It is well settled that an adverse determination in an action to recover fees for the rendering of professional services precludes the commencement of a malpractice action with regard to the same services (see, Pirog v Ingber, 203 AD2d 348; Altamore v Friedman, 193 AD2d 240; Grace & Co. v Tunstead, Schechter & Torre, 186 AD2d 15; Chisholm-Ryder Co. v Sommer & Sommer, 78 AD2d 143). This principle is equally applicable to default judgments rendered in actions to recover fees for the provision of medical services (see, Blair v Bartlett, 75 NY 150; Gates v Preston, 41 NY 113; Tantillo v

*Giglio,* 156 AD2d 664), since "[a] judicial determination entered upon default fixing the value of a professional's services is a bar to an action to recover damages for malpractice in rendering those services" *(Hunt v Godesky,* 189 AD2d 854, 855).

The plaintiff's contention that she was justifiably unaware of her alleged malpractice claim at the time of the fee collection action is belied by the record, inasmuch as she was seeing other physicians at that time and even wrote a letter to the defendant's collection attorneys expressing dissatisfaction with the defendant's services and suggesting that she was contemplating legal action against the defendant.

Moreover, contrary to the plaintiff's present contention, there clearly was an adequate identity of issues in the two actions, since "[i]t is well established that claims of medical malpractice and claims for services by health care providers are inexorably intertwined" *(Kissimmee Mem. Hosp. v Wilson,* 188 AD2d 802, 803; *see, Blair v Bartlett, supra; Tantillo v Giglio, supra; see also, Altamore v Friedman, supra; Chisholm-Ryder Co. v Sommer & Sommer, supra).* The plaintiff further claims that identity of issues is lacking, based upon a purported difference between the dates of services for which the defendant sought payment and the dates of services upon which the plaintiff's malpractice action is premised. However, this argument is not properly before us, inasmuch as it was never advanced at the trial level *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). In any event, even if we were to consider this contention, we would find it unpersuasive because the record clearly demonstrates that, despite some pleading errors by the defendant, the amount awarded in the fee collection action covered all of the services and dates upon which the plaintiff subsequently sued. The plaintiff's reliance upon our decision in *Kossover v Trattler* (82 AD2d 610) in this regard is misplaced, since the fee dispute and the malpractice action involved therein clearly pertained to different services performed on different dates.

Finally, we find unavailing the plaintiff's claim that she did not have a full and fair opportunity to litigate the malpractice issue in the fee collection action. The plaintiff has offered no legally valid or acceptable excuse for her failure to retain counsel or to raise the malpractice issue in that action. Moreover, the disparity in the amounts of damages sought in the two actions did not excuse the plaintiff from the effects of her failure to contest the fee collection action, inasmuch as similarly small money judgments nevertheless were subse-

quently given preclusive effect in malpractice actions in *Blair v Bartlett* (75 NY 150, *supra)* and *Gates v Preston* (41 NY 113, *supra).* Accordingly, the Supreme Court acted properly in dismissing the plaintiff's action as being barred by the entry of the default judgment in the prior action. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.