■ Sarah Lener et al., Respondents, v. Israel J. Baron, Appellant, et al., Defendant. Israel J. Baron, Appellant, v. Sarah Lener et al., Respondents.— In two consolidated actions, one being by a patient and her husband to recover damages for the malpractice of a surgeon, and the other being by the surgeon to recover the reasonable value of his services, the surgeon, Israel Jacobi Baron, as defendant in the first action and as the plaintiff in the second action, appeals from so much of a judgment of the Supreme Court, Kings County, entered March 24, 1961 upon the decision and opinion of the court after a nonjury trial, as awarded $5,000 plus interest and costs to the female plaintiff and $750 to the male plaintiff, and as dismissed the complaint in the action to recover the reasonable value of the surgeon's services. Judgment, insofar as appealed from, reversed on the law and the facts, without costs; complaint in the malpractice action dismissed on the merits; and the sum of $350 awarded to the surgeon, Israel Jacobi Baron, as the plaintiff in the action for the value of his services. Findings of facts contained in the opinion of the Trial Justice which may be inconsistent herewith are reversed and new findings are made as indicated herein. The wife had consented in writing to surgery to remove a stone from the ureter. She freely admitted that consent in her complaint. Her testimony shows that although she was fearful of surgery, she did not expressly prohibit it in her purported conversations with her surgeon. She had returned to a hospital for removal of the stone after cystoscopy had proved unsuccessful during a prior admission. Even if, despite the written consent, the plaintiffs' testimony be accepted as a prohibition of surgery, nevertheless there is an absence of proof of any damage sustained by the wife as a consequence of the claimed unauthorized surgery. It appears that immediately after such surgery the wife was transferred to another hospital (the University Hospital) where, after further attempts by an eminent urologist to remove the stone by cystoscope had likewise proved unsuccessful, resort was again had to surgery with favorable result. There was no abandonment of the wife by the surgeon. Following the failure, through no fault of his, to effect removal of the stone by surgery, the surgeon notified the husband of feasibility of transfer and arranged for admission to University Hospital under the care of the aforesaid urologist. The following day the wife was apprised of the arrangement. A private ambulance, for which the husband paid, transported the wife, escorted by the husband. No circumstances were presented which justified any fear of a malignancy on the part of the wife, which could be attributed to fault of the surgeon. The stay of the wife at University Hospital was interspersed with returns home and readmissions. Under the circumstances the wife failed to establish her cause of action for malpractice against the surgeon and he is entitled to recover the reasonable value of his services. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.