■ MARGARET O'HAIRE, Respondent, v JOSEPH O'HAIRE, Appellant.— Order of support of the Family Court, Nassau County, entered March 24, 1978, affirmed, without costs or disbursements. No opinion. The defendant has apparently abandoned his appeal from an order of protection of the same court also entered March 24, 1978. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.

■ DIANE RUDERMAN et al., Appellants, v STANLEY F. BRUNN et al., Respondents.—In an action to recover damages predicated upon medical malpractice and products liability, plaintiffs appeal from an order of the Supreme Court, Orange County, entered March 28, 1978, which denied their motion, pursuant to CPLR 3217, to voluntarily discontinue their action, without prejudice. Order reversed, on the law and as a matter of discretion, without costs or disbursements, upon the condition that plaintiffs pay $100 each to defendants Brunn, Wiener and Fried within 20 days after entry of the order to be made hereon; in the event that such condition is not complied with, then order affirmed, with $50 costs and disbursements. A plaintiff has a right to discontinue an action, conditioned upon the imposition of appropriate costs, where the substantial rights of other parties will not be prejudiced and where injustice will not result (Schimansky v Nelson, 50 AD2d 634; 7 Carmody-Wait 2d, NY Prac, § 47:12). Plaintiffs here sought to discontinue the action at a very early stage in the proceedings and have set forth as their reason the desire to take advantage of broader discovery available to them if the action is brought in a Federal forum. No serious prejudice would result from the discontinuance. Therefore, the plaintiffs' motion should be granted upon the condition hereinabove mentioned. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ ERROL L. SMALLS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 17, 1978, which affirmed an order of the State Division of Human Rights which dismissed petitioner's complaint of an unlawful discriminatory practice in employment because of race. Order confirmed and petition dismissed, without costs or disbursements. The record does not reveal any discrimination against petitioner because of race. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ JOHN G. STANTON, Respondent, v MID-VALLEY GARDEN CENTER, INC., Appellant, et al., Defendants.—In an action to foreclose a mortgage, defendant Mid-Valley Garden Center, Inc., appeals from an order of the Supreme Court, Orange County, dated June 19, 1978, which granted plaintiff's motion for summary judgment dismissing its answer. Order reversed, with $50 costs and disbursements, and motion denied. We find that issues of fact exist which may be resolved only after a trial. Mollen, P. J., Latham, Damiani and Titone, JJ., concur.

■ In the Matter of the Arbitration between STATE FARM INSURANCE COMPANY, Respondent, and JOSEPH CARRABIS, Respondent. TRAVELERS INDEMNITY COMPANY, Appellant.—In a proceeding to stay arbitration between the petitioner and the respondent Carrabis, the Travelers Indemnity Company appeals from a judgment of the Supreme Court, Suffolk County, dated January 12, 1978, which, after a hearing, granted the application. Judgment affirmed, with costs payable to petitioner, on the opinion of Mr. Justice Thom at Trial Term (see, also, Nassau Ins. Co. v Hernandez, 65 AD2d 551). Mollen, P. J., Latham, Damiani and Titone, JJ., concur.

■ DAVID WAGNER, an Infant, by His Father and Natural Guardian,