■ LARCHMONT FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v GERALD D. EBNER et al., Defendants, and K & K CREDIT CORP., Appellant. REPUBLIC INSURANCE COMPANY, Respondent. — In an action to foreclose a first mortgage on real property, defendant K & K Credit Corp. appeals (1) from an order of the Supreme Court, Suffolk County (McInerney, J.), dated April 7, 1981, which (a) denied its motion to, *inter alia,* (i) deem the first mortgage satisfied and discharged, (ii) direct the Clerk of the County of Suffolk to mark the mortgage satisfied and discharged, and (iii) direct plaintiff to furnish a satisfaction of said mortgage; and (b) granted plaintiff's cross motion to (i) terminate the action, (ii) direct the Clerk of Suffolk County to discharge the notice of pendency filed January 11, 1980, and (2) from a further order of the same court, dated April 28, 1981, which provided that the action was discontinued and canceled and discharged the notice of pendency. Orders affirmed, without costs or disbursements. The premises which are the subject of the foreclosure action are encumbered by three mortgages, each recorded prior to the filing by appellant of a judgment against the defendants mortgagors. A fire insurance policy issued to the mortgagors named the first mortgagee and third mortgagee, the latter referred to in the policy as "second mortgagee", and provided that they were to be paid "as interest may appear". Subsequent to the occurrence of a fire at the premises during the pendency of this action, the respondent insurer paid the plaintiff the entire amount remaining due on the first mortgage, took an assignment of the first mortgage, and held the $2,907.16 surplus on the loss "in reserve". Appellant, a judgment creditor seeking to protect its potential interest in any surplus which may result from a future foreclosure sale (RPAPL 1361), objected and moved, *inter alia,* to deem the first mortgage satisfied, arguing that the payment to the plaintiff as first mortgagee extinguished the first mortgage and that, therefore, the assignment is invalid. Plaintiff cross-moved to terminate the action and direct the county clerk to discharge the notice of pendency. Special Term denied appellant's motion and granted plaintiff's cross motion. The court held, *inter alia,* that "[t]here is no reason why the plaintiff could not assign the mortgage * * * in consideration of payment of the [insurance] claim to it". The insurance policy issued to the mortgagors pursuant to the mandatory requirement of section 168 of the Insurance Law, provides in part that if the insurer "shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing the mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage." It is not disputed that the defaulting mortgagors had violated the conditions of the policy, abandoned the premises and departed the jurisdiction of the court, thus precluding their recovery from the respondent insurer. Since the policy was not enforceable by the mortgagors, the insurer's payment to the plaintiff may not be applied to extinguish the mortgage debt (see *Savarese v Ohio Farmers Ins. Co.,* 260 NY 45, 53). The interest of a mortgagee named in a fire insurance policy is not invalidated by any act or neglect of the mortgagor and it is for this reason that the rights of subrogation and assignment are included in the standard fire insurance contract (see *Springfield Fire & Mar. Ins. Co. v*

*Allen,* 43 NY 389, 393). The payment of the full mortgage debt owed to the plaintiff by the respondent insurer entitled the latter to either subrogation or assignment of the mortgage, thus giving it a priority over the lien of the appellant. Section 169 of the Insurance Law and the standard contract of fire insurance further provide that the rights of an insurer who makes a loss payment to a mortgagee are "without impairing the mortgagee's right to sue". The resolution of the rights of the respondent insurer as assignee of the first mortgage being superior to or subordinate to the rights of (a) the second mortgagee not named in the insurance policy, or (b) the third mortgagee named in the insurance policy (see *Eddy v London Assur. Corp.,* 143 NY 311, 320) is not before us for determination. We also are not required to determine the right of the respondent insurer assignee to foreclose the first mortgage prior to payment of the debt owed the third mortgagee named in the insurance policy. Each of the three mortgagees, however, has a priority for payment in full prior to the appellant. The assignment of the mortgage, per se, during the pendency of this action did not affect the alignment of the parties (see CPLR 1018). There were no substantial rights which accrued to the appellant, nor any rights which were prejudiced by the order of Special Term granting discontinuance of this action pursuant to CPLR 3217 (subd [b]) (see *Louis R. Shapiro, Inc. v Milspemes Corp.,* 20 AD2d 857). Moreover, plaintiff is not required to demonstrate any basis for seeking an order of discontinuance (see *Schimansky v Moduline Ind.,* 79 Misc 2d 888, affd 50 AD2d 634). Finally, the granting of the plaintiff's request for cancellation of the notice of pendency pursuant to CPLR 6514 (subd [a]) was required as a result of the granting of the branch of plaintiff's cross motion which sought to terminate the foreclosure action. Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.