■ In the Matter of EDWARD AHEARN et al., Respondents, v MARY S. BURCH, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered September 24, 1982 in Rensselaer County, which sustained a writ of habeas corpus and directed respondent to surrender custody of an infant, Katherine Quinn Dwyer, to petitioners. The parties to this protracted custody dispute have been before this court on several occasions, the most recent appearances culminating in our determinations in the cases of *Decatur v Ahearn* and *Matter of Burch v Ahearn* which were decided in a joint decision (89 AD2d 742, mot for lv to app den *sub nom. Dwyer v Ahearn*, 57 NY2d 609, 924). The facts of this matter are set forth in detail in that decision and need not be repeated here. Subsequent to our decision, petitioners Ahearn, who are the adoptive parents of the subject infant pursuant to a May 26, 1981 decree of the Suffolk County Probate Court of the Commonwealth of Massachusetts, commenced the instant habeas corpus proceeding in Supreme Court,

Rensselaer County, seeking a judgment directing respondent Burch to surrender custody of the infant to them. Special Term granted the application from the Bench, referring to this court's July 29 decision and noting that respondent's subsequent motion for a stay had been denied by the Court of Appeals on September 9, 1982. The instant appeal ensued.[1] In essence, respondent now argues that although this court in *Decatur v Ahearn (supra)* dismissed, on the ground of *forum non conveniens,* her New York action which sought, *inter alia,* a declaration that the adoption decree granted to the Ahearns is invalid, that doctrine may not now be used to preclude an inquiry into the legality of the decree in the context of the instant proceeding which the Ahearns themselves brought in a court of this State. In the alternative, it is contended that if our prior decision does require application of the doctrine in this proceeding, Special Term should not have entertained the Ahearns' petition but rather should have dismissed it leaving the parties to whatever remedies they may have in the Massachusetts courts. Finally, respondent urges that before affording full faith and credit Special Term was obliged to examine the validity of the Massachusetts adoption decree in the face of her collateral attack on the decree, which, it is claimed, was obtained in violation of her due process rights.[2] While we agree with respondent that the doctrine of *forum non conveniens* may not be used as a shield by parties who have themselves selected the forum, we do not perceive the application of the doctrine as the basis of Special Term's determination nor, under the circumstances, do we conclude that that court was required to entertain respondent's collateral attack on the adoption decree. Although respondent spends much time in discussing and distinguishing our *forum non conveniens* rationale set forth in *Decatur v Ahearn (supra),* she overlooks our holding in the companion case of *Matter of Burch v Ahearn (supra).* In *Matter of Burch,* we specifically held that the provisions of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A), as interpreted by the Court of Appeals in *Vanneck v Vanneck* (49 NY2d 602), required that the courts of this State not exercise jurisdiction over proceedings to determine custody of the infant in view of the pendency of such proceedings in Massachusetts and the lack of significant contacts with this State (see Domestic Relations Law, § 75-g, subd 1; § 75-d, subd 1, par [b]). To now hold that in the instant proceeding Special Term was required to adjudicate respondent's collateral attack on the adoption decree would, in our view, not only be incongruous with our prior decision but would also frustrate one of the express purposes of the act to "avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being" (Domestic Relations Law, § 75-b, subd 1, par [a]). Moreover, section 75-n of the Domestic Relations Law provides that the courts of this State shall recognize and enforce a custody decree of another State which had assumed jurisdiction "under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of this article". Since it is clear from this record that the Massachusetts court had properly assumed jurisdiction over the proceedings pending before it, the adoption decree in question was correctly recognized and enforced by Special Term (see, e.g., *Clark v Clark,* 67 AD2d 388). Lastly, we reiterate the observation made in our

---

1. By order to show cause granted by a Justice of this court on September 24, 1982 and containing a temporary restraining provision, respondent has moved for a stay pending appeal pursuant to CPLR 5519 (subd [c]).

2. In her answer in this proceeding, respondent pleaded defenses of lack of notice, lack of opportunity to be heard, and fraudulent statements in the papers submitted to the Massachusetts court, all of which purportedly render the decree void.

prior decision that although we recognize the sincere concern and affection exhibited by the respondent grandmother, the court must follow the law as it finds it to be. The policy articulated in the act is a strong one and it is designed "to rid child custody matters of the incubus of child-snatching and forum-shopping" (*Martin v Martin*, 45 NY2d 739, 742). We accordingly affirm the judgment of Special Term. Petitioners shall submit an order in accordance herewith which shall provide for surrender of custody of the child to them on a day certain, which date shall be agreed upon by the parties and which in no event shall be later than five days from the date of entry of the order hereon. In view of our decison, respondent's pending motion for a stay is denied as academic and the temporary restraining provision in the order to show cause dated September 24, 1982 is vacated. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.