■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v JOSEPH LIGGETT et al., Respondents.—Order, Supreme Court, New York County (Taylor, J.), entered May 8, 1985, which denied and dismissed that part of the petition seeking a determination of adverse claims to proceeds of the sheriff's sale of 6 Riverview Terrace in Manhattan, reversed, insofar as appealed from, on the law, and the petition is granted to the extent of directing the sheriff to distribute the sales proceeds with petitioner's mortgages superior in right to subsequently entered judgments, with one bill of costs against all respondents except Helen Liggett.

This case presents an issue of first impression, whether CPLR 5236 (g) establishes priority of judgment creditors over mortgages which have been recorded prior to the judgments.

Joseph and Mylene Liggett purchased real property located at 6 Riverview Terrace in Manhattan in September 1974. The following year, the Liggetts transferred the property to Mylene individually. Joseph's first wife Helen Liggett subsequently prevailed in an action for moneys due under their 1970 separation agreement, and obtained a jury verdict of $388,472. In February 1980, Helen commenced a separate action to enforce her judgment in the matrimonial action by setting aside the conveyance of the Riverview Terrace property as fraudulent. She filed a notice of pendency against the property in conjunction with the second lawsuit. The following month a judgment ("the 1980 judgment") was entered in her favor for $508,129, including interest, against Joseph.

Between November 1980 and November 1981, petitioner Bank Leumi Trust Company of New York (Bank Leumi Trust) took successive mortgages on the Riverview Terrace property to secure the amounts of $550,000, $70,000 and $400,000. In February 1982, respondent Cosden Oil & Chemical Company (Cosden Oil) obtained and entered a $144,154 judgment against Joseph.

In September 1983, Helen won partial summary judgment in her action for fraudulent conveyance. By judgment resettled in February 1984, the sheriff was directed to sell the property and to make "distribution out of such proceeds to any judgment creditors in accordance with CPLR 5236 (g) in the order of their statutory priority" ("the 1984 judgment"). This court denied petitioner's motion for a stay of the sheriff's

sale and to intervene on that appeal. We affirmed the judgment (109 AD2d 642). Leave to appeal was denied by this court and the Court of Appeals.

Subsequent to the denial of the motion to intervene, Bank Leumi Trust commenced this proceeding pursuant to CPLR 5239. Only respondents Helen Liggett and Cosden Oil appeared in opposition. Special Term rejected petitioner's application to vacate the 1984 judgment. The court also denied and dismissed the remainder of the petition, which sought a declaration that Bank Leumi Trust had a right to share in the distribution of the proceeds of the sheriff's sale with judgment creditors in the order of priority of its recorded mortgages. Special Term held that CPLR 5326 did not contemplate participation by mortgagees since, on its face, it provides that only judgment creditors share in the distribution of proceeds. It relied upon the fact that petitioner bank's lien, which was junior to Helen's judgment, would be wiped out by the sale. It also interpreted the provision "unless the court otherwise directs" to require a showing of exceptional or unusual circumstances warranting departure from the statutory method of distribution. The dismissal was without prejudice to the petitioner's rights to share in any surplus remaining after distribution of the proceeds of the sheriff's sale to judgment creditors. On June 4, 1985, this court granted the petitioner a stay of the distribution of the proceeds of the sheriff's sale pending appeal, except as to respondents.

Bank Leumi appeals only from that portion of Special Term's order which denied its application insofar as it sought a declaration that its mortgages have priority in the distribution of proceeds from the sale over subsequently entered judgments. It concedes the validity of the 1984 judgment and the seniority of Helen Liggett's lien. We disagree with Special Term and reverse for the reasons set forth below.

Special Term misapprehended the issue presented here. This case is unusual since Cosden Oil's judgment is, like petitioner's mortgages, junior in time to the 1980 judgment. Both liens, not just the petitioner's, will be wiped out in the judicial sale. (CPLR 5203 [a] [2].) Since there are other judgment creditors in addition to Cosden Oil, junior in time to petitioner, petitioner's mortgages cannot ride through this sale with the purchaser at the sale taking subject to the lien of its mortgages. (Siegel, Practice Commentaries, Cons Laws of NY, Book 7B, CPLR C5236:8; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5236.13.) Cosden Oil has refrained from executing on its judgment in hopes of utilizing the 1980 judgment to gain

an advantage over Bank Leumi Trust. Therefore, the real issue is the right to share in the surplus proceeds between petitioner's 1980-1981 mortgages and Cosden Oil's 1982 judgment.

It has long been established that first in time priority obtains as between mortgages and judgments. *(Ackerman v Hunsicker,* 85 NY 43, 52-53; *Larchmont Fed. Sav. & Loan Assn. v Ebner,* 89 AD2d 1009, 1010.)* CPLR 5203, not CPLR 5236, contains the substantive provisions concerning the priorities of competing judgment creditors with respect to realty. CPLR 5203 does not purport to determine all priorities among all categories of liens. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5203:1.)

It is manifest from the legislative history and the language "unless the court otherwise directs" that CPLR 5236 simply establishes the procedural mechanism for the sale which converts realty into money to pay liens. The purpose of first enacting and later amending CPLR 5239, was, *inter alia,* to provide a procedural device by which lienors, other than judgment creditors, could stake their claims against the subject property, and have the validity and priority of all liens, including their own, judicially determined prior to a judicial sale. (Siegel, NY Prac § 521; 10 Carmody-Wait 2d, NY Prac § 64:440, p 98; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5239.08a.) According to Professor Siegel, who recommended the amendment, which resulted from a study made at the request of the Committee to Advise and Consult with the Judicial Conference on the CPLR, the new language, "unless the court otherwise directs": "recasts the subdivision to permit the court to 'otherwise direct' the distribution of the proceeds of the sale when it appears to the court that someone other than those specified in the subdivision has an interest superior to the specified persons. Thus, whenever it appears that, e.g., a lien creditor (whether by way of judgment or mortgage or tax lien or mechanic's lien, etc.) has an interest superior to a judgment creditor (who would ordinarily share in the proceeds under present 5236 [e] merely by issuing an execution), the court may apply the proceeds to the superior interest first." (Siegel, The Sale of Real Property Pursuant to an Execution Under the CPLR, 10th NY Jud Conf Rep, pp 120, 148 [1965].)

Respondent Cosden Oil contends that Bank Leumi is barred by CPLR 6501, which binds a person whose encumbrance is recorded after filing of a lis pendens in all proceedings taken in that action "to the same extent as if he were a party." This contention overlooks that in this respect Cosden Oil is in the

same position as petitioner bank, both having liens junior to Helen Liggett's. The 1984 judgment should not be deemed final on the issue of priority as between Cosden Oil and Bank Leumi Trust, who were not parties to that action, where there was no opportunity to raise that issue as between these parties. (See, 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6501.12.) Concur—Sandler, J. P., Ross, Kassal and Rosenberger, JJ.