■ KISSIMMEE MEMORIAL HOSPITAL, Respondent, v ROBERT WILSON, as President of the Health and Welfare Fund of Hospital, Surgical, Dental, Optical and Major Medical Plan of United Food Commercial Workers Union Local 174, et al., Appellants.—Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered August 7, 1991 in Dutchess County, which, *inter alia,* granted plaintiff's motion to dismiss defendants' counterclaims for forum non conveniens.

---

While Clarence Killmer and Margarethe Killmer, residents of Dutchess County, were vacationing in Florida, Clarence Killmer (hereinafter decedent) suffered respiratory distress in March 1990 that required his admission to plaintiff's emergency room. He remained in plaintiff's intensive care unit under the care and supervision of its staff for 21 days when, just before he was to be air-lifted back to New York for additional care and treatment, he died on April 9, 1990. Within two weeks plaintiff submitted bills totaling $91,221.14 for services rendered to decedent prior to his death. Payment of the bills was refused on the ground of excessiveness and, as a consequence, plaintiff sued decedent's estate and the medical care providers who covered decedent's wife and provided the medical coverage for decedent. After defendants consulted with a qualified physician, it was concluded that faulty and substandard care and treatment were administered to decedent at plaintiff, and defendants' answer was amended with the requisite certificate of merit to include counterclaims by decedent's wife, individually and as administratrix of decedent's estate, for damages resulting from medical malpractice, lack of informed consent, loss of services, wrongful death and negligent hiring of staff.

Plaintiff moved for dismissal of the counterclaims pursuant to CPLR 327 (a), alleging that New York was an inconvenient forum in which to prosecute the counterclaims. Defendants cross-moved for a default judgment pursuant to CPLR 3011 and 3012 (a) on their counterclaims. Plaintiff's motion was granted in its entirety and defendants' cross motion was denied. Defendants appeal from the order.

It is well established that claims of medical malpractice and claims for services by health care providers are inexorably intertwined (see, Blair v Bartlett, 75 NY 150; see also, Tantillo v Giglio, 156 AD2d 664; Lener v Baron, 20 AD2d 814). A judgment in favor of the health care provider for services bars a patient's claim for malpractice (Blair v Bartlett, supra). Malpractice is both a defense to an action to recover for professional services and a predicate for a counterclaim, and if used for either purpose it destroys the vitality of the claim for services (Kossover v Trattler, 104 Misc 2d 424, 428, affd 82 AD2d 610). The actions are so interrelated that their separation would serve no useful purpose. Regardless of whether the malpractice counterclaims are dismissed, defendants are entitled to litigate the issue of malpractice as a defense to plaintiff's claim for health care services provided to decedent. If the malpractice issue is to be litigated in New York as a defense

to plaintiff's claim, we see no reason why the counterclaims which involve the same malpractice issue should not also be litigated in New York.

In our view, Supreme Court abused its discretion in granting plaintiff's motion to dismiss defendants' counterclaims sounding in malpractice. It was plaintiff, a Florida hospital, that selected New York as the forum for its action for services. Having done so, it cannot now complain that defendants' allegations of malpractice may be asserted only as a defense to plaintiff's action, but not also as a basis for defendants' counterclaims. The doctrine of forum non conveniens may not be used as a shield by parties who themselves have selected the forum (see, Matter of Ahearn v Burch, 90 AD2d 635, 636, appeal dismissed, lv denied 58 NY2d 654). Accordingly, the counterclaims should be reinstated.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion; said motion denied and plaintiff is given 10 days from the date of this Court's decision to reply to the counterclaims; and, as so modified, affirmed.