■ Sears Tooth, Respondent, v Antony Georgiou, Appellant. [895 NYS2d 33]—

In this dispute arising out of plaintiff's representation of defendant in a divorce proceeding in London, England, the motion court properly determined that the courts of England are the appropriate forum for hearing plaintiff's fee claims and defendant's legal malpractice counterclaims (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Of the competing factors to be considered in determining whether to retain jurisdiction of the litigation, only defendant's primary residence in New York militates in his favor, since the transaction out of which the claims in the complaint and counterclaim arose occurred in London; English substantive and procedural law applies to the claims; defendant is the only witness located in New York rather than in England; the English courts, as defendant concedes, are an adequate forum for the litigation; the maintenance of the action would be a burden on the New York courts; and England has a substantial interest in adjudicating an action involving the regulation of its legal profession. Contrary to defendant's argument, the fact that plaintiff selected the forum does not preclude the dismissal of the counterclaims, since plaintiff seeks to discontinue the entire action (*cf. Kissimmee Mem. Hosp. v Wilson*, 188 AD2d 802, 803 [1992] [denying plaintiff's motion to dismiss, on ground of forum non conveniens, defendants' medical malpractice counterclaims, which were "inexorably intertwined" with plaintiff's claim for recovery for health care professional services provided]). Moreover, since the litigation is only in the pleading stages, defendant's interposition of counterclaims is insufficient to preclude a voluntary discontinuance so that the action may be litigated in England (*see Ruderman v Brunn*, 65 AD2d 771 [1978]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30830(U).]**