■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v SHAYLA ROBERSON et al., Respondents. [980 NYS2d 778]—

In an action for a declaratory judgment, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 26, 2012, as, upon granting its motion pursuant to CPLR 3217 (b) to discontinue the action, did so "with prejudice" and set the matter down for an inquest on the issue of the amount of costs and an attorney's fee to which the defendants are entitled.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the words "with prejudice" from the first decretal paragraph and substituting therefor the words "without prejudice"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (*see Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]; *Wells Fargo Bank, N.A. v Fisch*, 103 AD3d 622 [2013]; *Parraguirre v 27th St. Holding, LLC*, 37 AD3d 793, 793-794 [2007]; *Valladares v Valladares*, 80 AD2d 244, 258 [1981], *affd on other grounds* 55 NY2d 388 [1982]). Contrary to the defendants' contention, the plaintiff was not required to demonstrate any basis for seeking a voluntary discontinuance (*see Larchmont Fed. Sav. & Loan Assn. v Ebner*, 89 AD2d 1009 [1982]). Furthermore, there was no showing that the rights of the defendants or others would be prejudiced if the plaintiff were permitted to commence a second action for the same relief in another venue (*see Eugenia VI Venture Holdings, Ltd. v MapleWood Equity Partners, L.P.*, 38 AD3d 264, 265 [2007]; *Parraguirre v 27th St. Holding, LLC*, 37 AD3d 793 [2007]; *Christenson v Gutman*, 249 AD2d 805, 806 [1998]; *Rud-*

*erman v Brunn*, 65 AD2d 771 [1978]). Any prejudice to the defendants was properly obviated by awarding costs and an attorney's fee to the defendants to compensate them for the time expended in the defense of the action to date (*see Carter v Howland Hook Hous. Co., Inc.*, 19 AD3d 146 [2005]; *McDevitt v Ford Motor Co.*, 79 AD2d 676 [1980]). Accordingly, there was no valid reason for the Supreme Court's directive, in its order granting the plaintiff's motion to voluntarily discontinue this action, that the discontinuance be "with prejudice," and the action should have been discontinued without prejudice. Skelos, J.P., Lott, Roman and Miller, JJ., concur.