Hayes v Anderson & Sheppard Ltd. (2024 NY Slip Op 01344)

Hayes v Anderson & Sheppard Ltd.

2024 NY Slip Op 01344

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Webber, J.P., Oing, González, Kennedy, Shulman, JJ. 

Index No. 651579/22 Appeal No. 1846 Case No. 2023-03893 

[*1]Edward W. Hayes, Plaintiff-Respondent,
v
Anderson & Sheppard Limited, Defendant-Appellant. EMG Industrial Chimney, Inc., Intervenor-Respondent.

Davidoff Hutcher & Citron LLP, New York (Joshua Krakowsky of counsel), for appellant.
Edward W. Hayes, P.C., New York (Edward W. Hayes of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered July 20, 2023, which, upon reargument, denied defendant's motion to dismiss the complaint on the grounds of forum non conveniens, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff is a New York resident, and defendant Anderson & Sheppard Limited (Anderson), a private company, is a well-known English custom tailor organized under the laws of the United Kingdom and located in London. Plaintiff, a New York resident, is a minority shareholder of Anderson. Plaintiff alleges that while Anderson earned substantial profits, it failed to pay dividends to shareholders. Plaintiff concedes that Anderson furnished its annual report at his request. However, plaintiff alleges the annual report inadequately described Anderson's finances, and he questions some of Anderson's business decisions. Plaintiff sought an accounting, which Anderson did not provide. By the instant action, plaintiff seeks an accounting from Anderson.
The doctrine of forum non conveniens permits a court to dismiss an action when it finds that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327[a]). In reviewing the motion court's exercise of discretion, this Court, however, may exercise such discretion independently (Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 175 [1st Dept 2004]). The factors to be considered on a forum non conveniens motion include: "the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit. The court may also consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction. No one factor is controlling" (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985] [internal citations omitted]). New York courts "need not entertain causes of action lacking a substantial nexus with New York" (Martin v Mieth, 35 NY2d 414, 418 [1974]).
Here, because the dispute between plaintiff and Anderson has no nexus to New York, in the exercise of our independent discretion, defendant's motion to dismiss on forum non conveniens grounds should be granted and the matter dismissed. Although plaintiff is a resident of New York, Anderson, its documents, and the witnesses are all located in the United Kingdom. The dispute involves an accounting of a British private company and will likely involve the application of British law to determine what duty, if any, is owed to plaintiff. Furthermore, the United Kingdom has a stronger interest than New York in the actions, duties, and governance of its companies (see e.g. Phat Tan Nguyen v Banque Indosuez, 19 AD3d 292, 295 [1st Dept 2005], lv denied [*2]6 NY3d 703 [2006]; Shin-Etsu Chem. Co., Ltd., 9 AD3d at 178; see also Sears Tooth v Georgiou, 69 AD3d 464, 465 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024